In the Matter of Stephen ZUCKERMAN.

Nos. C0–91–1127, C7–91–1299.

Court of Appeals of Minnesota.

Nov. 19, 1991.

Lawrence R. Commers, Kirk W. Reilly, Anne Meredith–Will, O'Connor & Hannan, Minneapolis, for appellant Zuckerman.

Hubert H. Humphrey, III, Atty. Gen., John L. Kirwin, Asst. Atty. Gen., William H. Mondale, Sp. Asst. Atty. Gen., for respondent Brainerd Regional Human Services Center.

Michael O. Freeman, Hennepin County Atty., Gayle C. Hendley–Zappia, Asst. County Atty., Minneapolis, for respondent Michael P. Nemcek, Administrative Director of Psychiatry, University of Minnesota Hospitals.

Considered and decided by HUSPENI, P.J., and AMUNDSON and THOREEN *, JJ.

## OPINION

HUSPENI, Judge.

Stephen Zuckerman appeals from the trial court judgment committing him as a mentally ill person. He also appeals from a later trial court order denying his motion for a temporary restraining order. Upon motion by appellant, the two appeals were consolidated. Both respondents move to dismiss the appeals as moot. We address the issues on their merits and affirm.

## FACTS

Respondent Michael P. Nemcek, Administrative Director of Psychiatry at the University of Minnesota Hospitals (University Hospitals) filed a petition to commit appellant as mentally ill on May 8, 1991. The hearing commenced on May 21, 1991, and was scheduled to continue until noon. At that time, several witnesses remained to be heard and the assistant county attorney suggested rescheduling. The first date all were available was May 29. Appellant personally, and through his counsel, demanded that he have a hearing immediately, and that he be released. The court declined, because none of the medical examiners supported release. Counsel and the court

agreed to a continuance until May 29. The court issued a written order continuing the hearing until that date, and continuing the hold on appellant. On May 24, the court heard and denied appellant's petition for a writ of habeas corpus.

On May 29, the hearing resumed, and additional witnesses were presented. Based on evidence presented at the hearing, the trial court committed appellant as mentally ill dually to the University of Minnesota Hospitals and the Anoka–Metro Regional Treatment Center. The court also authorized the involuntary administration of neuroleptics, based on testing which had ruled out organic and other causes for appellant's mental illness. Zuckerman appealed from the commitment judgment. University Hospitals later moved to dismiss the appeal as moot because appellant has since been provisionally discharged. The motion was deferred until consideration of the appeal on the merits.

On June 18, University Hospitals, where appellant was then placed, moved the court to amend or clarify its order to remove the requirement that diagnostic tests be performed to rule out organic causes for the mental illness prior to the administration of neuroleptics. The court denied the motion to amend.

Respondent Brainerd Regional Human Services Center (Brainerd), where appellant was next transferred, informed appellant's counsel that a tranquilizer would be forcibly administered to appellant so that it could complete diagnostic tests, and that the basis for the action would be consent by appellant's mother pursuant to Minn. Stat. § 253B.03, subd. 6(c) (1990). On July 9, 1991, appellant moved for a temporary restraining order (TRO) to prevent Brainerd from forcibly administering tranquilizers. After a hearing, the trial court denied the motion, and authorized Brainerd to proceed to conduct the necessary diagnostic tests for which consent had been provided pursuant to Minn.Stat. § 253B.03, subd.

---

* Retired judge of the district court, acting as judge of the Court of Appeals by appointment

pursuant to Minn. Const. art. VI, § 2.

6(c). Zuckerman appealed from the order denying the TRO.

Brainerd moved this court to dismiss the appeal from the order denying the TRO as moot, and submitted an affidavit in support of the motion. It alleged the procedures to which Zuckerman objected had already been performed, and that a tranquilizer had never been administered. It also requested attorney fees pursuant to Minn.Stat. § 549.21, subd. 2 (1990).

This court granted appellant's motion to consolidate his two appeals.

### ISSUES

1. Should the appeals be dismissed as moot?

2. Should the petition for commitment have been dismissed for failure to hold a timely hearing?

3. Did the medical procedures to which appellant objected involve treatment for mental illness, which does not require the consent of the patient pursuant to Minn. Stat. § 253B.03, subd. 6?

### ANALYSIS

#### I.

■ Respondent University Hospitals notified the court that appellant was provisionally discharged, and asked this court to dismiss the matter as moot. Respondent Brainerd also moved that the appeal be dismissed as moot, on the grounds that the tests appellant sought to enjoin were already completed, and because one of the procedures he sought to enjoin, the administration of a mild tranquilizer [1] to facilitate the tests, was not required. We address both appeals, believing the issues raised are "capable of repetition yet evading review." *In re Schmidt,* 443 N.W.2d 824, 826 (Minn.1989); *In re Danielson,* 398 N.W.2d 32, 35 (Minn.App.1986).

#### II.

Appellant argues that the petition for commitment should have been dismissed for failure to meet statutory requisites. He does not challenge the sufficiency of the evidence to find him mentally ill.

Minn.Stat. § 253B.08, subd. 1 (1990) provides:

The hearing on the commitment petition shall be held within 14 days from the date of the filing of the petition. For good cause shown, the court may extend the time of hearing up to an additional 30 days. When any proposed patient has not had a hearing on a petition filed for the person's commitment within the allowed time, the proceedings shall be dismissed.

*See In re Stubbe,* 443 N.W.2d 855, 856–57 (Minn.App.1989) (trial court correctly ruled hearing must be conducted within 44 days, or petition must be dismissed).

■ Appellant argues that in this action, the district court erroneously continued the hearing beyond the 14–day limit without making a finding of good cause for delay. He further contends that scheduling conflicts of the court and medical examiner do not constitute good cause. We cannot agree. The hearing was commenced within the 14–day period, and was completed well within the 44–day period. The record reflects that the trial court did not have an opportunity to address findings at the hearing. The statute does not require specific findings, but instead requires good cause be shown for extending the hearing beyond the 14–day period. Here, the need to complete the hearing and take the testimony of additional witnesses, when the allotted time was exhausted, and the fact that counsel and the court participated in choosing the next hearing date, constituted good cause.

#### III.

Under the commitment statute, either an organic disorder of the brain or a substantial psychiatric disorder may constitute mental illness. Minn.Stat. § 253B.02, subd.

1. While the parties dispute whether a tranquilizer was administered, they recognize that resolution of such a question of fact is not properly before this court, and we do not address it. *See Kennedy v. Thompson Lumber Co.,* 223 Minn. 277, 281, 26 N.W.2d 459, 461 (1947).

13 (1990). The committing court recognized that appellant's mental condition may have been due to organic causes, and ordered that testing be conducted in connection with that possibility.

Appellant argues that such testing involved medical treatment and that under Minn.Stat. § 253B.03, subd. 6, the hospital must obtain his consent prior to performing those procedures on him. Minn.Stat. § 253B.03, subd. 6 provides:

A patient has the right to prior consent to any medical or surgical treatment, *other than the treatment of mental illness* or chemical dependency.

(Emphasis added.) The statute makes it clear that the hospital must obtain consent before it may commence treatment for conditions other than mental illness. Resolution of this issue requires a determination of whether the procedures to which appellant objected constituted medical treatment or treatment of mental illness.

■ We conclude that the procedures were part of the treatment of appellant's mental illness. We note initially that the court specifically ordered that the treating hospital be permitted to administer neuroleptic medications only *after* completing further testing "to rule out organic and other causes including tumors." In compliance with that order, Brainerd obtained a CT scan and blood sample from appellant.

The administration of a minor tranquilizer, while a contested issue of fact among the parties here, was recognized by the court as not constituting an intrusive procedure. *Jarvis v. Levine*, 418 N.W.2d 139, 144 n. 2 (Minn.1988). We find the CT scan and taking of a blood sample, likewise, to be nonintrusive. Most important, however, these were procedures which would aid in diagnosing the nature of appellant's illness by eliminating or confirming the presence of an organic disorder. As such, they constituted "treatment of mental illness," not "medical or surgical treatment" requiring appellant's consent under Minn.Stat. § 253B.03, subd. 6. We caution, however, that despite our recognition of these nonintrusive procedures as appropriately within the definition of treatment for mental ill-

ness, not all procedures which are medical in nature can or will qualify for inclusion in that definition.

In view of our determination that appellant's consent was not needed for the procedures conducted to determine the nature of his illness, we need not comment on respondent Brainerd's action in obtaining the substitute consent of appellant's mother under Minn.Stat. § 253B.03, subd. 6(c). We note only that such action appears to have been taken as a precaution to assure compliance with all possible requirements present in connection with the procedures employed.

■ Finally, respondent Brainerd seeks attorney fees under Minn.Stat. § 549.21. In so doing, it argues that the procedure complained of had been completed before appeal was brought and there was no "sign it will ever be repeated." We have found otherwise and addressed the issue on its merits.

Respondent Brainerd also stresses that inasmuch as the *Jarvis* court had addressed the issue of administration of a minor tranquilizer and inasmuch as Brainerd had informed appellant that, in fact, he had been given no minor tranquilizer, that issue was meritless. The question of whether a minor tranquilizer was administered, of course, is still disputed.

In consideration of all circumstances here present, we decline to award attorney fees.

## DECISION

The trial court's judgment committing appellant as mentally ill and the order denying the motion for the temporary restraining order are affirmed. Attorney fees are denied.

Affirmed.