Hillsborough
No. 91-219

METROPOLITAN PROPERTY & LIABILITY INSURANCE COMPANY

v.

PAULINE WALKER

February 12, 1993

*Wiggin & Nourie*, of Manchester (*Richard B. McNamara* and *Doreen F. Connor* on the brief, and *Ms. Connor* orally), for the plaintiff.

*James M. Winston*, of Manchester, by brief and orally, for the defendant.

BATCHELDER, J.   The defendant, Pauline Walker, appeals the Superior Court's (*Barry*, J.) grant of the plaintiff's, Metropolitan Property and Liability Insurance Company, motion for summary judgment on its declaratory judgment action, which asserted that the statute of limitations barred the defendant's claim. She argues that the trial court erred in ruling that RSA 508:4 (1983) (current version at RSA 508:4 (Supp. 1992)), which established a six-year statute of limitations for personal actions, barred her action for underinsured motorist coverage from the plaintiff. For the reasons that follow, we reverse.

On December 6, 1982, the defendant was a passenger in a car owned by and insured in the name of her husband, Henry Walker, and operated by her daughter. She was injured when the car was struck from behind by an automobile operated by Elaine Katsouleris. The Walker vehicle was insured by the plaintiff, providing coverage for uninsured and underinsured losses as required by RSA 264:15. Twenty-five months after the accident, the defendant brought suit by a writ dated January 30, 1985. The tortfeasor, Katsouleris, was insured by Aetna Insurance Company, which tendered its fifty-thousand-dollar policy limit to Walker's attorney. The tender was accepted subject to the plaintiff's consent. On May 3, 1989, defendant's counsel notified the plaintiff for the first time of the claim and sought its consent to accept the policy limit from Aetna. The plaintiff denied coverage on May 24, 1989, maintaining that the statute of limitations on the underinsured claim had expired on December 6, 1988, the sixth anniversary date of the accident. The defendant sought resolution of the dispute through arbitration under the auspices of the American Arbitration Association. On August 14, 1989, the plaintiff notified both the proposed arbitrator and the defendant's counsel that it would not participate in arbitration. On October 30, 1989, the plaintiff instituted the declaratory judgment petition, claiming the statute of limitations as the sole basis for denying coverage.

On March 6, 1990, the plaintiff filed a motion for summary judgment which was denied by the Superior Court (*Murphy*, J.). On October 23, 1990, the plaintiff filed a renewed motion for summary judgment, alleging that the defendant had failed to furnish the plaintiff with a copy of the underlying writ against Katsouleris. Without a hearing, the Superior Court (*Barry*, J.) granted summary judgment

to the plaintiff on the sole basis that the statute of limitations barred the action, in effect determining that the defendant's ability to bring any action for underinsured motorist benefits expired six years after December 6, 1982. The trial court subsequently denied the defendant's motion for reconsideration. This appeal followed.

■ The trial court grants motions for summary judgment pursuant to RSA 491:8-a if, after considering all the evidence in the light most favorable to the non-moving party, it finds that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Brosseau v. Green Acres Mobile Homes*, 135 N.H. 643, 647, 609 A.2d 738, 740 (1992).

Both the plaintiff and the defendant agree that the defendant's claim for underinsured motorist benefits is governed by the statute of limitations for personal actions, which at the time of the defendant's accident was six years, *see* RSA 508:4 (1983), and which was amended to three years for all causes of action arising on or after July 1, 1986, *see* RSA 508:4 (Supp. 1992); *see also* Annotation, *Action "For Injury to Person" in Statutes Relating to Notice or Limitation as Including Actions Ex Contractu*, 1 A.L.R. 1313, 1314 (1919) (statute limiting time to sue for "injuries to the person" applicable to all actions, whether based upon contract or tort). The defendant argues, however, that her claim sounds in contract and not in tort and, therefore, that the cause of action accrued only upon a breach of the contract. The plaintiff counters that the statute of limitations and its triggering event are coterminous with the underlying tort action.

■ Although the statute of limitations for contract and tort actions is the same, we must nevertheless determine the nature of the defendant's claim for underinsured motorist benefits. Whether the claim is one in tort or in contract governs the timing of the event that begins the running of the statute and, in this case, also controls whether the applicable limitation period is three or six years. We agree with the defendant that while the underlying action against the tortfeasor is a tort action, the underinsured coverage claim is based in contract.

"Although a tortious injury is an incidental element in the insured's suit against his insurer over a policy contract, the action is fundamentally one in contract. The [defendant] here would have no action if it were not for the coverage provided by her insurance policy. The insurer's liability rises solely from the insurance contract and nothing else."

*Pickering v. American Empl. Ins. Co.*, 109 R.I. 143, 150, 282 A.2d 584, 588 (1971).

This common sense rule is amply supported by case law and commentators who, recognizing that the insured's action was based in contract, have stated that such actions are governed by the statute of limitations for contract, rather than tort, actions. In *Safeco Insurance v. Barcom*, 112 Wash. 2d 575, 579, 773 P.2d 56, 58 (1989), the Washington Supreme Court held that the six-year contract statute of limitations, rather than the three-year tort statute of limitations, applied to the insureds' actions against their insurer for benefits under the underinsured motorist provisions of an automobile insurance policy. "The issue of which statute of limitations applies to claims under the uninsured motorist coverage has been resolved by courts in many states. The appellate courts almost uniformly hold that in the absence of any provision in the insurance policy coverage terms, the contract statute of limitation applies." 1 A. WIDISS, UNINSURED AND UNDERINSURED MOTORIST INSURANCE § 7.7, at 269 (2d ed. 1992); *see* G. Burt, *Uninsured Motorist Coverage for Pedestrians*, 11 TRIAL BAR NEWS 37, 39 (1991).

Having determined that the defendant's claim against the plaintiff is based in contract, we now turn to the determination of the triggering event which commences the running of the statute of limitations. In the tort action it is the tort, which in this case is the accident. The triggering event in the contract action is less easily identifiable.

It has long been settled that the statute of limitations in a contract action does not begin to run until a breach of the contract occurs. "Given the almost uniform view among the applicable judicial precedents that uninsured motorist insurance claims are subject to the contract statute of limitations, it would be reasonable for courts to focus on the occurrence which constitutes a 'breach of the contract' by the insurer (rather than the occurrence of the event giving rise to the contractual claim for insurance benefits)." 1 WIDISS, *supra* § 7.12, at 292.

The right to recover from one's own insurance carrier for uninsured motorist coverage was first discussed by this court in *Kirouac v. Healey*, 104 N.H. 157, 181 A.2d 634 (1962), where we held that the claimant is entitled to pursue the underlying tort claim without interference from his or her insurer, but is required to obtain consent from the insurer for any settlement in order to preserve coverage. This is precisely what defendant's counsel was attempting to accomplish by the May 3, 1989 letter to the plaintiff's adjuster, seeking

authority to settle with Aetna for its policy limits. The plaintiff's response denying coverage was the event that breached the insurance contract and commenced the running of the statute of limitations.

We hold, therefore, that the statute of limitations commenced to run on the date when the insurer rejected the insured's claim for underinsured motorist benefits. On the facts of this case, the statute of limitations on the contract action to enforce the provisions of underinsured motorist coverage began to run on May 24, 1989, after the amendment to RSA 508:4 reduced the statute of limitations to three years. *See* RSA 508:4 (1992). Consequently, the defendant's August 2, 1989 request for arbitration was commenced well within the three-year statute of limitations. Accordingly, we reverse and remand.

*Reversed and remanded.*

BROCK, C.J., did not sit; the others concurred.