Burnes, J.
Plaintiff Cheryl A. Seney (Seney) seeks damages from defendant Prudential Property & Casualty Insurance Company (Prudential) for payment of a judgment Seney obtained against Prudential’s insured Mark L. Clark (Clark). Seney sues as a third-party beneficiary and assignee of the Prudential and Clark contract, and for violations of G.L.c. 176D and c. 93A.
Prudential now moves for summary judgment contending that Seney’s claims are time barred and that, if New Hampshire law applies, Seney has no claim under Chapters 93A and 176D. For the following reasons, the Defendant’s Motion is DENIED as to Seney’s claims as third-party beneficiary and ALLOWED as to Seney’s claims as an assignee of Clark.
BACKGROUND
This action arises out of a single motor vehicle accident, which occurred on January 25, 1988, in Massachusetts. The vehicle was operated by Michelle Petrain (Petrain), and owned by Clark, a New Hampshire resident. Seney, a Massachusetts resident, was a passenger in Clark’s automobile and sustained injuries as a result of the accident.
*180 At some point prior to the accident, Prudential had issued Clark an insurance policy. In December of 1988, Seney filed suit against Clark and Petrain seeking compensation for injuries sustained in the car accident. Prudential refused to defend Clark or provide coverage, claiming it had canceled the policy on December 8, 1987, due to Clark’s purported failure to pay premiums.
On September 30, 1994, judgment entered in favor Seney against both Clark and Petrain. On that same day, Clark assigned to Seney all his rights against Prudential, including his rights under the contract, Chapter 93A and Chapter 176D. Seney filed this action on December 29, 1994.
DISCUSSION
I. Standard of Review
This Court grants summary judgment where there are no genuine issues of material fact and where the summary judgment record entitles the moving party to judgment as a matter of law. Mass.R.Civ.P. 56(c); Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976). The moving party bears the burden of demonstrating affirmatively the absence of a triable issue. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989).
A party moving for summary judgment who does not bear the burden of proof at trial must demonstrate the absence of a triable issue either by submitting evidence negating an essential element of the nonmoving party’s case or by showing that the nonmoving party is unlikely to submit proof regarding that element at trial. Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991); Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). The nonmoving party cannot defeat the motion for summary judgment by resting “on his or her pleadings and mere assertions of disputed facts . . .” LaLonde v. Eissner, 405 Mass. 207, 209 (1989). The nonmoving party’s failure to prove an essential element of his case “renders all other facts immaterial" and mandates summary judgment in favor of the moving party. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Kourouvacilis, 410 Mass. at 711.
II. Applicable Statute of Limitations
Prudential first contends that Seney’s claims are barred under either Massachusetts’ or New Hampshire’s statute of limitations. Prudential does not distinguish between Seney’s third-party or assignment claims, but maintains that all her claims accrued on July 11, 1988, the date Prudential denied coverage to Clark. Conversely, Seney asserts all her claims accrued when Prudential refused to indemnify Clark after she obtained judgment against him on September 30, 1994.
A forum state typically applies its own rules of procedure, while employing choice of law principles to determine which state’s substantive law should apply to the cause of action. Prior to 1995, Massachusetts courts had treated a statute of limitations defense as a procedural issue and applied Massachusetts law. New England Telephone & Telegraph Co. v. Gourdeau Constr. Co., 419 Mass. 658, 659 (1995).
The Gourdeau Court jettisoned this automatic approach in favor of the functional approach. Id. at 664. This functional approach requires a court to determine which state has the more significant relationship to the occurrence and to the parties with respect to the issue of limitations.[1] Id. at 661.
One question left unanswered by the Gourdeau Court is whether the new treatment of limitation statutes under conflict of law principles is to be applied retroactively.[2] This Court need not answer that question because regardless of whether New Hampshire or Massachusetts law applies, the result is the same. Specifically, Seney’s claims as an assignee of the contract are barred under either state’s statute of limitations, while her claims as third-party beneficiary are valid under either Massachusetts or New Hampshire law.
A. Assignment of Claims
1. Massachusetts’ Limitations Statute
Seney seeks to recover for breach of contract as an assignee of Clark’s rights on the contract, if any, between him and Prudential. Massachusetts applies a six-year statute of limitations to contract actions. G.L.c. 260, §2. A cause of action based on a breach of contract accrues at the time of breach. Campanello & Cardi Constr. Co. v. Commonwealth, 351 Mass. 184, 185 (1966); DiGregoria v. Commonwealth, 10 Mass.App.Ct. 861, 862 (1980). Seney’s claim, filed on December 29, 1994, will thus be barred if her cause of action accrued prior to December 29, 1988.
For the purposes of the assignment claims, the action accrued on the date Prudential denied coverage to Clark, July 11, 1988. See International Mobiles Corp. v. Corron & Black/Fairfield & Ellis, Inc., 29 Mass.App.Ct. 215, 222-23 (1990) (determining contract action accrued against agent when insurance company denied coverage). At that time, Clark had notice of Prudential’s breach. The parties have not shown, nor is it argued, that facts exist which would warrant application of the discovery rule. Seney’s claim as assignee is barred by Massachusetts’ statute of limitations.
2. New Hampshire Limitations Statute
New Hampshire provides for a three-year statute of limitation to contract claims. N.H. Rev. Stat Ann. §508:4 (1997). Similar to Massachusetts law, a contract claim accrues at the time of the breach of contract. Metropolitan Property & Liability Ins. Co. v. Walker, 136 N.H. 594, 597, 620 A.2d 1020, 1022 (1993).
*181 In Metropolitan, the occurrence which constituted a breach of contract was the denial of coverage by the insurance company. Metropolitan, 136 N.H. at 598, 620 A.2d at 1022. Therefore, the breach of contract occurred, if a contract existed, when Prudential denied Clark coverage on July 11, 1988. Seney’s suit filed on December 29, 1994 is thus beyond New Hampshire’s three-year limitation period.
B. Third-Party Beneficiary Claims
Seney also asserts contract claims as a third-party intended beneficiary of the Clark-Prudential contract. Injured travelers are intended beneficiaries of optional motor vehicles insurance policies. See Campione v. Wilson, 422 Mass. 185, 194 (1996) (recognized as intended beneficiaries, injured travelers may recover against insurance agent who failed to obtain coverage). After obtaining judgment against the insured, a third-party beneficiary may file a suit of indemnification against an insurance company.[3] See G.L.c. 175, §113 (1987) (allowing successful third-party to sue insurer); Rogan v. Liberty Mut. Ins. Co., 305 Mass. 186, 188 (1940) (noting final judgment serves as prerequisite to statute affording remedy); Jaswell Drill Corp. v. General Motors Corp., 129 N.H. 341, 347, 529 A.2d 875, 879 (1987) (stating claim for indemnification accrues only once party seeking relief suffers loss); see also 20A John A. Appleman & Jean Appleman, Insurance Law & Practice §11614 (rev. vol. 1980) (recognizing in some jurisdictions third-party beneficiaries seek satisfaction of judgment from insurer).
Here, the indemnification claim was filed on December 29, 1994, three months after the entry of judgment, and well within Massachusetts’ six-year and New Hampshire’s three-year statute of limitations period.
III. Applicability of Chapters 93A & 176D
In addition to her contract claims, Seney’s asserts that Prudential has violated Chapters 176D and 93A of the General Laws. “A victim of an unfair insurance act or practice which violates ch. 176D may maintain a private cause of action under ch. 93A.” Kerlinsky v. Fidelity & Deposit Co., 690 F.Supp. 1112, 1117 (D.Mass. 1987). Arguing that New Hampshire law applies, Prudential claims exemption from Seney’s G.L.c. 93Aand c. 176D consumer protection claims.
In determining whether the Chapters 93A and 176D claims are viable in this action, this Court must determine which state law is applicable, employing the functional approach. Gourdeau, 419 Mass. at 660; see also Northeast Data Sys., Inc. v. McDonnell Douglas Computer Sys., Co., 986 F.2d 607, 610 (1st Cir. 1994) (treating c. 93A as tort for choice of law purposes when c. 93A claim not simply disguised breach of contract claim). In employing the functional approach, the Court must assess various choice-influencing considerations. Cosme v. Whitin Mach. Works, Inc., 417 Mass. 643, 645 (1993). The Cosme Court was guided by the Restatement (Second) of Conflicts of Laws, §§145 and 146. The law of the state where the injury occurred applies unless Massachusetts has a more significant relationship to the parties and occurrence according to the principles of §6.[4] Section 145, applicable to all torts, includes factors such as the place where the injury occurred, the domicile, residence and place of business of the parties, and the place where the relationship, if any, between the parties is centered. The Court finds that a different result occurs when the significant relationship is applied to Seney’s claims as an assignee from those asserted as a third-party beneficiary.
A. Assignment Claims
As an assignee of the contract, Seney stands in the shoes of Clark. See Graves Equip., Inc. v. M. DeMatteo Constr. Co., 397 Mass. 110, 112 (1986) (recognizing common law rule that assignees possess no greater rights than assignors possessed). The question then is whether Clark would have a Chapter 176D and Chapter 93A claim against Prudential. As between Clark and Prudential, New Hampshire law should apply. Evidence supports finding their relationship centered in New Hampshire. Clark, a New Hampshire resident, contracted with Prudential. He subscribed to a liability policy in New Hampshire while he resided there, to cover an automobile garaged in New Hampshire.
The record is slightly unclear as to where Prudential’s claimed unfair or deceptive conduct occurred, causing Clark to finance his own defense. Prudential’s exhibits in support of its motion illustrate that Prudential corresponded with Clark via a Boston office. Quite possibly, as an Indiana corporation with headquarters in New Jersey, Prudential directed the Boston office’s actions from New Jersey. Nonetheless, a balance of the significant relationship factors weighs in favor of employing New Hampshire law. Accordingly, Seney as Clark’s assignee may not avail herself of Chapter 93A and Chapter 176D. Rather, she would have to pursue such claims under the analogous New Hampshire statute. See generally, N.H. Rev. Stat. Ann. 417 et seq. (1991) (providing protection for consumers from unfair insurance practices).
Even if Massachusetts law applied to Seney’s claims as assignee, this Court would find such claims barred by the statute of limitations. A four-year statute of limitations exists for claims brought pursuant to Chapter 93A. G.L.c. 260, §5A. In such cases, the claim accrues when the injury results from the asserted unfair or deceptive acts. Mobiles Corp., 29 Mass.App.Ct. at 220-21; see also Cambridge Plating Co. v. Napco, Inc., 991 F.2d 21, 25 (1st Cir. 1993) (citing Mobiles for holding c. 93A action accrues at time injury results from unfair acts). Here, Clark’s injury occurred from Prudential’s alleged unfair and deceptive acts when he was compelled to finance a defense to Seney’s suit against him. That suit was filed in December of *182 1988. Over four years elapsed from the filing of Seney’s first suit necessitating that Clark defend himself and the filing of this 1994 suit. Consequently, under Massachusetts law, the Chapter 93A and Chapter 176D assignment ciatos are barred by the statute of limitations.
B. Third-Party Beneficiary Claim
As a third-parly beneficiary to the insurance contract, if any, Seney may maintain her own Chapters 93A and 176D action. See Clegg v. Butler, 424 Mass. 413, 418 (1997) (recognizing that third-party claimants may bring c. 93A actions against liability insurers). When applying a functional approach to Seney’s third-party beneficiary claim, the Court finds Massachusetts law appropriate. Seney is a Massachusetts domiciliary, and sustained injury in Massachusetts. Additionally, she received satisfaction of her claims against Prudential’s insured and awaits execution of the judgment here. The place where Seney and Prudential’s relationship is centered is in Massachusetts.
Furthermore, an analysis of the factors in §6 of the Restatement militate in favor of employing Massachusetts law to Seney’s claim for Chapter 93A and Chapter 176D. Particularly, Massachusetts’ policy of allowing third-party claimants to bring an action against an insurer (in some cases, even if no final settlement or judgment has entered) manifests the State’s interest in encouraging the settlements of insurance claims without forcing claimants into unnecessary litigation to obtain relief. Clegg, 424 Mass. at 419.
ORDER
For the foregoing reasons, it is hereby ORDERED that the defendant Prudential Properly & Casualty Insurance Company’s Motion for Summary Judgment is DENIED as to plaintiff Cheryl Seney’s third-party beneficiary claims for breach of contract and violations Chapter 93A and 176D.
It is further ORDERED that Prudential’s Motion for Summary Judgment as to Seney’s claims as assignee for breach of contract and violations of Chapter 93A and Chapter 176D is ALLOWED.

 The Restatement (Second) of Conflict of Laws §142 (1988 Rev.):
Whether a claim will be maintained against the defense of the statute of limitations is determined under the principles stated in §6. In general, unless the exceptional circumstances of the case make such a result unreasonable:
(1) The forum will apply its own statute of limitations barring the claim.
(2) The forum will apply its own statute of limitations permitting the claim unless:
(a) maintenance of the claim would serve no substantial interest of the forum; and
(b) the claim would be barred under the statute of limitations a state having a more significant relationship to the parties and the occurrence.

Id.

 In Gourdeau, the SJC stated “for the future that [the SJC’s] treatment of the application of statute of limitations as procedural will no longer be continued.” Gourdeau, 419 Mass. at 664. Only the Federal District Court has had the occasion to interpret the retroactive application of the Gourdeau decision. See Fedder v. McClennen, 959 F.Supp. 28, 34 (D.Mass.1996) (holding that SJC’s use of phrase “for the future" manifested Court’s recognition of unfairness which would result from rule’s retroactive application).

 In its argument, Prudential does not distinguish Prudential’s breach of the duty to defend from Seney’s right to bring an action as a judgment creditor.

 The Restatement directs that the above mentioned factors should be considered in light of the factors listed in §6. The factors include: (1) the needs of interstate and international systems; (2) the relevant policies of the forum; (3) relevant policies of other interested states and the relative interests of those states in the determination of the particular issue; (4) protection of justified expectations; (5) the basic policies underlying particular field of law; (6) certainty, predictability and uniformity of result; and (7) ease in the determination and application of law to be applied. Restatement (Second) Conflict of Laws §6, at 10 (1971).