Shari WEEKS, Respondent,

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY, Appellant.

No. C7–96–2438.

Supreme Court of Minnesota.

June 11, 1998.

---

William M. Hart, Thomas H. Crouch, Meagher & Geer, PLLP, Minneapolis, Marcia C. Taylor, Taylor, Harrington, Rerat, Lance & Stofferahn, Maple Grove, for appellant.

Charles A. Cox, III, Cox & Goudy, Minneaplois, for appellant.

## OPINION

ANDERSON, Justice.

This case requires us to address whether a cause of action for uninsured motorist (UM) benefits accrues on the date of the accident or on the date the insurer rejects the claim.

Respondent Shari Weeks was injured in a car accident on July 4, 1987, while she was a passenger in a friend's car. The friend's car was hit from behind by two other cars, but the drivers of the other cars fled the scene and were never identified. Weeks made a demand for UM coverage in June 1992, which appellant American Family Mutual Insurance Company rejected. On May 22, 1995, Weeks commenced this action against American Family. American Family moved for summary judgment, arguing that Weeks' cause of action accrued on the accident date, and was therefore barred by the six-year statute of limitations. The district court granted summary judgment to American Family, but the court of appeals reversed, holding that Weeks' suit was timely because her cause of action accrued on the date that American Family rejected her claim. We reverse the court of appeals and hold that Weeks' suit is barred by the statute of limitations because her cause of action accrued on the date of the accident.

The facts are undisputed. On July 4, 1987, Shari Weeks was a passenger in a car driven and owned by her friend, Randy Hermanson. Hermanson's car was stopped on Interstate 94 at the Marion Street exit in St. Paul when it was hit from behind by another car. The car that rear-ended Hermanson had been pushed into Hermanson's car by a third car. The drivers of both cars fled the scene of the accident without identifying themselves. Weeks' back and neck were injured in the accident.

Both Hermanson and Weeks carried auto insurance through American Family. In 1992, Weeks made a demand against American Family seeking UM benefits under her own insurance policy. American Family denied her claim, and Weeks then commenced an action against American Family. But because Weeks should have sought UM benefits under Hermanson's policy, Weeks and American Family stipulated to dismiss the action without prejudice on May 3, 1994. *See* Minn.Stat. § 65B.49, subd. 3a(5) (1996).

On May 22, 1995, Weeks commenced this action against American Family seeking UM benefits under Hermanson's policy. American Family moved for summary judgment,

arguing that Weeks' action was barred by the six-year statute of limitations for contract actions. *See* Minn.Stat. § 541.05, subd. 1(1). The district court granted American Family's motion, concluding that American Family's obligation to pay benefits, if any, arose on the date of the accident—July 4, 1987—and thus Weeks commenced her action after the statute of limitations had run.

Weeks appealed, arguing that her cause of action for UM benefits accrued when American Family denied coverage in June 1992. Agreeing with Weeks, the court of appeals reversed the grant of summary judgment to American Family, holding that Weeks' cause of action accrued when American Family denied her request for UM benefits. American Family petitioned this court for review, arguing that this court has already decided that a cause of action for UM benefits accrues on the date the accident occurs and thus Weeks' action is barred by the statute of limitations.

■ When we review a grant of summary judgment, we determine whether there are any genuine issues of material fact and whether the district court erred in its application of the law. *Wallin v. Letourneau*, 534 N.W.2d 712, 715 (Minn.1995). When, as here, no facts are in dispute, we must examine whether the court erred in applying the law regarding the accrual of the cause of action and the running of the statute of limitations. *See Hermeling v. Minnesota Fire & Cas. Co.*, 548 N.W.2d 270, 273 (Minn. 1996). We review such questions of law de novo. *Lolling v. Midwest Patrol*, 545 N.W.2d 372, 375 (Minn.1996).

■ More than a decade ago, we determined in *O'Neill v. Illinois Farmers Insurance Co.* that a cause of action for underinsured motorist (UIM) benefits accrues on the date of the accident. 381 N.W.2d 439, 439 (Minn.1986). *O'Neill* involved an action to imply underinsurance benefits in a policy and then to recover those benefits under the amended policy. *Id.* at 440. The plaintiff in *O'Neill* was injured in a car accident and settled with the underinsured driver four and one-half years after the accident. *Id.* at 440. Two years later—six and one-half years after the accident—the plaintiff brought an action for UIM benefits against her own insurance

company. *Id.* at 439–40. The district court concluded that the statute of limitations did not begin to run until a breach of contract occurred, and that the contract was not breached until the insurance company denied her claim. *Id.* at 440. Because the denial of the claim had not occurred until after plaintiff's settlement with the tortfeasor, the district court held that the suit was filed well within the six-year statute of limitations. *Id.* We reversed and pointed out the danger of the district court's holding: if a cause of action accrues only after a claimant has demanded payment and the insurance company has rejected the claim, a plaintiff would be allowed to indefinitely postpone the running of the statute of limitations. *Id.* We also stated that before considering plaintiff's claim for UIM benefits, we first had to imply the UIM covenant into the insurance policy. *Id.* Because we held the cause of action to establish implied-at-law UIM coverage accrues at the time of the accident, we concluded that the corresponding cause of action for UIM benefits accrues at the same time. *Id.* at 440–41.

Weeks contends that *O'Neill*'s holding is limited to implied-at-law UIM coverage and thus does not control the outcome here. We disagree. As our subsequent applications of *O'Neill* clarify, the statute of limitations on a UIM claim begins to run when the accident occurs. *Beaudry v. State Farm Mut. Auto. Ins. Co.*, 518 N.W.2d 11, 13 (Minn.1994). Further, we recently reiterated that under *O'Neill*, the statute of limitations for an action seeking UIM benefits begins to run on the date of the accident. *Hermeling*, 548 N.W.2d at 276.

■ Although Weeks' cause of action was for UM benefits, not UIM benefits, our reasoning in *O'Neill* and subsequent cases applies equally to a cause of action for UM benefits. We explained in *Beaudry* why the cause of action for UIM benefits accrues on the accident date. Although UIM coverage is governed by contract, it also presents tort aspects because liability under the coverage is determined by tort law. *Beaudry*, 518 N.W.2d at 13. We recognized in *Beaudry* that this reasoning applies to UM coverage because both UIM and UM coverage are

first-party coverage. *Id.* Because liability rather than the existence of coverage is the underlying substantive issue, the cause of action for either UIM or UM benefits accrues once the accident occurs, and the claimant then becomes entitled to seek a judicial determination of liability and to recover damages. Therefore, we conclude that our holding in *O'Neill* governs the outcome in this case and that Weeks' cause of action for UM benefits accrued on the date her accident occurred.

We recognize that Minnesota takes the minority position in concluding that a cause of action for UM or UIM benefits accrues on the accident date. A majority of jurisdictions have concluded that because a cause of action for UM or UIM benefits is a contract action, the cause of action cannot accrue until the contract has been breached—generally, when the insurance company denies the claim. *See, e.g., Blutreich v. Liberty Mut. Ins. Co.,* 170 Ariz. 541, 826 P.2d 1167, 1171 (Ariz.App.1991); *Allstate Ins. Co. v. Spinelli,* 443 A.2d 1286, 1292 (Del.1982); *Palmero v. Aetna Cas. & Sur. Co.,* 606 A.2d 797, 798 (Me.1992); *Lane v. Nationwide Mut. Ins. Co.,* 321 Md. 165, 582 A.2d 501, 506–07 (1990); *Metropolitan Property & Liab. Ins. Co. v. Walker,* 136 N.H. 594, 620 A.2d 1020, 1022 (1993); *Vega v. Farmers Ins. Co.,* 323 Or. 291, 918 P.2d 95, 97–98 (1996); *Alvarez v. American Gen. Fire & Cas. Co.,* 757 S.W.2d 156, 158 (Tex.App.1988); *Safeco Ins. Co. v. Barcom,* 112 Wash.2d 575, 773 P.2d 56, 60 (1989). Nonetheless, we see no reason to abandon the rationale we adopted more than a decade ago in *O'Neill*—a rationale we have followed consistently in subsequent cases. We remain committed to our reasoning in *O'Neill* and choose to leave its holding undisturbed.

We conclude that the cause of action for UM benefits accrues on the date of the accident. Because Weeks did not commence her action against American Family within six years of the date of her accident, her suit is barred by the statute of limitations.

Reversed.