Al HERRMANN, Respondents,

v.

McMENOMY & SEVERSON, et al., petitioners, Appellants,

Bolin, Rucinski & Company, Ltd., et al., Defendants.

No. C2–98–388.

Supreme Court of Minnesota.

April 8, 1999.

Richard J. Thomas, Byron G. Ascheman, Burke & Thomas, St. Paul, for appellants McMenomy & Severson.

Howard Groves, Burnsville, for defendants Bolin, Rucinski & Co.

Stoneking Law Office, Gary Stoneking, Minneapolis, for respondent.

## OPINION

PAGE, Justice.

On October 31, 1996, respondents Al Herrmann (Herrmann), the sole owner and only employee of Al Herrmann Construction, Inc. (AHC), and AHC commenced a legal malpractice action against appellants McMenomy & Severson, P.A. and two of its attorneys, Michael G. Dougherty and Larry S. Severson (hereinafter collectively referred to as "McMenomy & Severson").[1] The complaint alleged that McMenomy & Severson was negligent in failing to advise Herrmann and AHC that certain business transactions AHC entered into with the Al Herrmann Employees Defined Benefit Pension Plan and Trust (the Plan) were prohibited under federal tax law, resulting in AHC being subject to significant federal excise taxes and interest.

McMenomy & Severson moved for summary judgment on the basis that Herrmann and AHC's legal malpractice action was barred by Minnesota's six-year statute of limitations.[2] The district court granted McMenomy & Severson's motion for summary judgment based on its finding that Herrmann and AHC's cause of action accrued in 1987, and therefore was time barred because the action was not commenced until 1996. On appeal, the court of appeals, in a lengthy opinion, reversed based on its conclusion that Herrmann and AHC's legal malpractice action was not time barred because the action did not accrue until 1993. We conclude that Herrmann and AHC's cause of action accrued at the time of the first prohibited transaction in 1987. Therefore, we reverse.

The following material facts are undisputed. On February 28, 1986, Herrmann established the Plan. According to the complaint, McMenomy & Severson represented Herrmann and AHC in creating the Plan. The Plan was a qualified employee trust under section 4975 of the Internal Revenue Code.[3] Under section 4975, a qualified employee trust is prohibited from transacting business directly or indirectly with a disqualified person.[4] The code defines a disqualified person as an employer whose employees are covered under a qualified employee trust.[5] If a qualified employee trust engages in a prohibited transaction, the employer becomes liable for federal excise taxes and interest.[6]

On October 7, 1987, the Plan, through its trustee, Herrmann, entered into a joint venture and partnership with Dalewood, Inc., which operated under the name of Bridlewilde. The purpose of the joint venture was to acquire, develop, lease, operate, manage, and sell undeveloped property. McMenomy & Severson drafted the Bridlewilde partnership documents. Beginning in 1987, the Bridlewilde partnership engaged in certain business activities with AHC. Because AHC was an employer whose employees were covered under the Plan, some or all of the transactions between AHC and Bridlewilde were prohibited.[7] As a result, AHC was subject to significant federal excise taxes and interest. According to Herrmann and AHC, McMenomy & Severson were negligent in failing to advise them that the transactions were prohibited.

After discovering that the transactions between AHC and Bridlewilde were prohibited, Herrmann began expending money in May 1993 to address the prohibited transactions. On May 10, 1996, the Internal Revenue Service (IRS) determined that AHC was obligat-

---

1. Respondents also brought a claim against the accounting firm of Bolin, Rucinski & Company and one of its accountants, Herbert Bolin. The claims against these defendants are not part of this appeal.

2. *See* Minn.Stat. § 541.05, subd. 1(5) (1998).

3. *See* 26 U.S.C. § 4975(e)(1) (1998).

4. *See* 26 U.S.C. §§ 4975(a) (1998), 4975(c)(1)(C) (1998).

5. *See* 26 U.S.C. § 4975(e)(2)(C) (1998).

6. *See* 26 U.S.C. § 4975(a).

7. *See* 26 U.S.C. §§ 4975(a) (imposing tax on disqualified person for prohibited transactions), 4975(e)(2)(C) (defining "disqualified person").

ed to pay excise taxes and interest as a result of the prohibited transactions.

■ The only issue for us to determine is when Herrmann's legal malpractice action against McMenomy & Severson accrued so as to commence the running of the statute of limitations. On appeal from a grant of summary judgment, we determine whether the trial court erred in its application of the law and whether there are any genuine issues of material fact.[8] When the material facts surrounding a statute of limitations question are not in dispute, our review is limited to whether the trial court erred in its application of the law.[9] Here, the material facts are not in dispute.

■ The statute of limitations for a legal malpractice action is six years.[10] We have in the past addressed the question of when a statute of limitations begins to run. A cause of action accrues and the statute of limitations begins to run when the cause of action will survive a motion to dismiss for failure to state a claim upon which relief can be granted.[11] A cause of action survives a motion to dismiss so long as "some" damage has occurred as a result of the alleged malpractice.[12] In addition, the running of the statute does not depend on the ability to ascertain the exact amount of damages.[13] Thus, in the absence of fraudulent concealment, the running of the statute is not tolled by ignorance of the cause of action.[14]

■ Herrmann and AHC argue and the court of appeals held that the statute of limitations for a legal malpractice claim alleging negligent advice does not begin to run until the client suffers actual damage as a result of the negligence. In this case, Hermann and AHC contend that it would be unfair to commence the running of the statute of limitations before 1993 when AHC began expending money to address the prohibited transactions because Herrmann and AHC did not have any knowledge of the illegality of the transactions between AHC and Bridlewilde. The court of appeals held that "the statute of limitations does not begin to run until the harm manifests in some form or the client otherwise suffers pecuniary loss." [15] The court of appeals in essence adopted the discovery rule [16] for determining when the statute of limitations begins to run for a legal malpractice action based on negligent advice. Herrmann and AHC argue that we should follow suit. We have declined to adopt the discovery rule in the past and neither Herrmann and AHC's argument nor the court of appeals decision provide any justification for doing so now.[17]

■ The facts of this case establish that the first prohibited transaction between AHC and Bridlewilde occurred in 1987 and that McMenomy & Severson failed to advise Herrmann and AHC that the transaction was prohibited. When the prohibited transaction occurred, AHC became immediately liable

8. See Offerdahl v. University of Minnesota Hospitals & Clinics, 426 N.W.2d 425, 427 (Minn.1988).

9. See Weeks v. American Family Mut. Ins. Co., 580 N.W.2d 24, 26 (Minn.1998).

10. See Minn.Stat. § 541.05, subd. 1(5) ("[T]he following actions shall be commenced within six years: * * * for any other injury to the person or rights of another * * *.").

11. See Dalton v. Dow Chemical Co., 280 Minn. 147, 152–53, 158 N.W.2d 580, 584 (1968).

12. See Bonhiver v. Graff, 311 Minn. 111, 117, 248 N.W.2d 291, 296 (Minn.1976) (citation omitted) (statute of limitations begins when "damage is occasioned"); Dalton, 280 Minn. at 154, 158 N.W.2d at 584 ("Thus, the alleged negligence * * * coupled with the alleged resulting damage is the gravamen in deciding the date upon which the cause of action at law herein accrues.").

13. See Dalton, 158 N.W.2d at 585.

14. See Weston v. Jones, 160 Minn. 32, 36, 199 N.W. 431, 433 (1924).

15. See Herrmann v. McMenomy & Severson, 583 N.W.2d 283, 292 (Minn.App.1998).

16. Under the discovery rule, the statute of limitations begins to run on the date when the plaintiff knew or should have known of the existence of the cause of action. See, e.g., Poffenberger v. Risser, 290 Md. 631, 431 A.2d 677, 680 (1981).

17. See Dalton, 280 Minn. at 154, 158 N.W.2d at 585 (adopting the "some" damage rule in determining when the statute of limitations commences).

for the excise tax and interest required by section 4975.[18] Thus, it was at the time of the first prohibited transaction in 1987, when AHC became liable for the excise tax and interest required by section 4975 as a result of McMenomy & Severson's alleged failure to advise Herrmann and AHC about the prohibited transaction, that Herrmann and AHC's cause of action would have survived a motion to dismiss for failure to state a claim. Because Herrmann and AHC's claim for legal malpractice against McMenomy & Severson would have survived a motion to dismiss for failure to state a claim at the time of the first prohibited transaction in 1987 and because Herrmann and AHC did not commence their legal malpractice action until 1996, we conclude that Herrmann and AHC's legal malpractice action is time barred.

Reversed.

Gilbert, J., took no part.

---

18. *See* 26 U.S.C. § 4975(a); *Westoak Realty and Inv. Co. v. C.I.R.,* 999 F.2d 308, 311 (8th Cir. 1993) (holding that the occurrence of a prohibited transaction creates per se liability under 26 U.S.C. § 4975 regardless of good faith or a subsequent curing of the transactions).