LILLEHAUG, Justice
(concurring).
The court’s holding today rests heavily on our decision 18 years ago that a cause of action for UM insurance benefits accrues on the accident date rather than on the date of the alleged breach — in other words, when the insurer rejects the claim. See Weeks v. Am. Family Mut. Ins. Co., 580 N.W.2d 24, 27 (Minn.1998). Weeks acknowledged that the rule it adopted was the “minority position.” Id. Nevertheless, *199 the court proceeded, on the theory that, although UM insurance coverage “is governed by contract, it also! presents tort aspects because liability under the coverage is determined by tort law.” Id. at 26.
I have difficulty understanding that theory. A contract claim is a contract claim and a tort claim is á tort claim. A claim alleging bréaeh of an insurance contract should be treated like any other contract claim. Thus, the applicable statute of limitations should be the one for breach of contract, which begins to run at the time of the alleged breach. Minn.Stat. § 541.05, subd. 1(1) (2014); Levin v. C.O.M.B. Co., 441 N.W.2d 801, 803 (Minn.1989) (citing Bachertz v. Hayes-Lucas Lumber Co., 201 Minn. 171, 176, 275 N.W. 694, 697 (1937)). A claim for breach of a UM insurance contract, whether the policy is primary or excess, should be governed by the same legal principles.
But Weeks is the law of Minnesota. Given the doctrine of stare decisis, the court’s decision not to accept appellant’s invitation; to overturn Weeks is no surprise. See Schuette v. City of Hutchinson, 843 N.W.2d 233, 238-39 (Minn.2014) (“[I]n order to promote the stability of the law and the integrity of the judicial process.... [w]e are extremely reluctant to overrule-our precedent absent a compelling reason.”) (citations and quotation marks omitted).
The court’s application of. Weeks ’ holding to excess UM insurance claims does contain a silver lining. Today, the court announces, in no uncertain terms, that a claim made in good faith against an excess UM insurer is fully ripe as of the -date of the accident. The court thereby gives clear notice to excess UM insurers that they may no longer contend that injured parties’ claims to excess coverage are legally • premature. Now injured parties may press excess UM insurers to join primary UM insurers at the settlement table, upon pain of lawsuit. .
Accordingly, I respectfully concur.