# STATE OF MINNESOTA
# IN COURT OF APPEALS
# A15-1430

Vaughn A. Veit,
Appellant,

vs.

ProSource Technologies, Inc., et al.,
defendants and third party plaintiffs,
Respondents,

vs.

Carlson Professional Services, Inc., et al.,
third party defendants,
Respondents.

**Filed May 9, 2016**
**Affirmed**
**Kirk, Judge**

Anoka County District Court
File No. 02-CV-14-2791

James F. Baldwin, Peter A. Koller, Frances L. Kern, Moss & Barnett, P.A., Minneapolis, Minnesota (for appellant)

Steven J. Sheridan, Michael A. Breen, Fisher Bren & Sheridan, LLP, Minneapolis, Minnesota (for respondents ProSource Technologies, Inc., et al.)

Aaron Mills Scott, Patrick M. Fenlon, Fox Rothschild LLP, Minneapolis, Minnesota (for respondents Carlson Professional Services, Inc., et al.)

Considered and decided by Kirk, Presiding Judge; Reilly, Judge; and Jesson, Judge.

A professional-negligence action based on an allegedly negligent property appraisal accrues, and the statute of limitations begins to run, at the time the appraisal is completed.

**O P I N I O N**

**KIRK**, Judge

In this appeal from summary judgment in favor of respondents, appellant argues that the district court erred by concluding that his professional-negligence action was untimely. We affirm.

**FACTS**

In 2006, appellant Vaughn A. Veit retained respondent ProSource Technologies, Inc. (ProSource) to appraise real property located in Wright County. The purpose of the appraisal was to establish the value of the property for a planned charitable donation to the Veit Foundation. On September 26, ProSource completed the appraisal, delivering it to Veit the following day. In December, Veit donated the property to the foundation.

Veit applied for and was granted an extension to file his 2006 taxes and did not pay his 2006 taxes by the April 15, 2007 deadline. When he filed his 2006 taxes, he took a charitable-contribution tax deduction based on the value of the property as appraised by ProSource. Because the amount of the deduction exceeded the limitation for tax year 2006, he also carried over a portion of the deduction into tax years 2007, 2008, and 2009.

In 2011, the Internal Revenue Service (IRS) notified Veit that it was disallowing the charitable-contribution tax deduction taken by him because the ProSource appraisal was

not a "[q]ualified [a]ppraisal."[1]  The IRS also stated that the value of the property in the appraisal "appear[s] to be substantially inflated."  In 2013, Veit and the IRS settled the dispute.  Veit was assessed additional tax, penalties, and interest for underpaying his 2007, 2008, and 2009 taxes.[2]

In July 2013, Veit sued ProSource and respondents ProSource Technologies, LLC, WASH Investment Group, Inc., Kirk B. Corson, and Pamela K. Recksiedler-Barnard, f/k/a Pamela K. Recksiedler-Johnson.  In the complaint, he alleged common-law negligence, professional negligence under Minn. Stat. § 82B.20 (2012), common-law vicarious liability, and successor liability.  In their answer, they sought contribution and indemnification from respondents Carlson Professional Services, Inc., and Carlson McCain, Inc.

Respondents moved for summary judgment, arguing that Veit's claims were barred by the six-year statute of limitations in Minn. Stat. § 541.05, subd. 1 (Supp. 2015).  The district court granted respondents' motion and dismissed the complaint, concluding that Veit's lawsuit was untimely.  Veit moved for relief from judgment under Minn. R. Civ. P. 60.02, arguing that the district court incorrectly based its grant of summary judgment on the assumption that he filed his 2006 tax return on April 15, 2007.  The district court denied Veit's motion.

---

[1] A qualified appraisal must be obtained by a qualified appraiser and attached to the tax return if a claimed deduction is more than $500,000 for a donation of property.  IRS Publication No. 561, *Determining the Value of Donated Property* (Rev. Apr. 2007).

[2] The 2006 deduction was outside the IRS's limitation period.

Veit appeals.

## ISSUE

How does the damage-accrual rule affect the six-year statute of limitations period in a professional-negligence action?

## ANALYSIS

On appeal from summary judgment, we determine "whether there are any genuine issues of material fact and whether the district court erred in its application of the law." *Antone v. Mirviss*, 720 N.W.2d 331, 334 (Minn. 2006). Because the material facts of this case are not in dispute, "we need only determine whether the [district] court erred in applying the law regarding the accrual of the cause of action and the running of the statute of limitations. This is a question of law that we review de novo." *Id.* (citation and quotation omitted).

A six-year statute of limitations period controls each of Veit's claims. *See* Minn. Stat. § 541.05, subd. 1(2), (5). Therefore, in order to not be barred by the statute of limitations, Veit's professional-negligence actions must have accrued after July 3, 2007, which is six years prior to the date that he sued respondents. *See* Minn. Stat. § 541.01 (2014).

A cause of action accrues when it can "survive a motion to dismiss for failure to state a claim upon which relief can be granted." *Herrmann v. McMenomy & Severson*, 590 N.W.2d 641, 643 (Minn. 1999). "This showing is minimal; the plaintiff need only allege facts sufficient to state a claim, which occurs when it is possible that any evidence consistent with the plaintiff's theory might be produced to establish each element of the

4

tort." *Ames & Fischer Co., II, LLP v. McDonald*, 798 N.W.2d 557, 562 (Minn. App. 2011) (quotation omitted), *review denied* (Minn. July 19, 2011). Here, the only disputed element is when damages accrued.

Minnesota follows the damage-accrual rule, which provides that "a cause of action accrues and the statute of limitations begins to run when 'some' damage has occurred as a result of the alleged [negligence]." *Id.* (quotation omitted). "'Some damage' is defined broadly, and the cause of action accrues on the occurrence of any compensable damage, whether specifically identified in the complaint or not." *Id.* (quotation omitted). "[T]he ability to ascertain the exact amount of damages is not dispositive with respect to the running of the statute of limitations." *Antone*, 720 N.W.2d at 338.

The district court concluded that Veit "could have pleaded a professional negligence claim that would have survived a motion to dismiss by no later than April 15, 2007." In its reasoning, the district court highlighted three points in time where "some damage" to Veit had occurred: (1) November 8, 2006, when Veit paid for a qualified appraisal, "but the appraisal provided by [ProSource] was not qualified"; (2) December 2006, when Veit "donated valuable property . . . in exchange for unexpectedly minimal tax benefit"; and (3) April 15, 2007, when "[Veit] overstated his charitable deduction carryover taken from the 2006 year into 2007 resulting in underpaid taxes beginning on April 15, 2007."[3]

---

[3] We agree with the district court that some damage to Veit occurred at these three dates, and, considered alone, each date provides an independent basis to start the running of the statute of limitations.

Veit argues that "[t]he district court erred when it determined that the statute of limitations began to run on April 15, 2007," and that "[he] did not suffer 'some damage' to commence the running of the statute of limitations until he filed his 2006 tax return on October 15, 2007." We disagree.

We conclude that Veit's professional-negligence action accrued, and the statute of limitations began to run, in September 2006, when the appraisal was completed. Although the exact amount of damages may not have been ascertainable at that time, "some damage" had occurred. From the moment the appraisal was completed, it was not the appraisal that Veit had sought. The completed appraisal was not a qualified appraisal as needed under IRS regulations to substantiate a charitable-donation tax deduction and the IRS found the appraisal appeared to substantially inflate the value of the property.

Veit argues that "[t]he events in this case are analogous to those that occurred in *Ames*" and that, like in *Ames*, "Veit was damaged when he filed his 2006 tax return." We are not persuaded. In *Ames*, three partnerships brought a professional-malpractice action against two accountants, an attorney, and their respective firms after they failed to advise and make Section 754 elections in years when qualifying events for the elections took place. 798 N.W.2d at 559. We held that the cause of action accrued, and the statute of limitations began to run, when the tax returns were filed because, to the extent that any damages occurred, they occurred when the returns were filed without the Section 754 elections. *Id*. at 564. Here, unlike the partnerships in *Ames*, Veit suffered "some damage" before he filed his tax returns. *Id.* at 559. ProSource completed the allegedly negligent appraisal in September 2006, and Veit paid for the appraisal in November 2006. Veit then

6

conveyed the property believing the appraisal was qualified in December 2006. Therefore, Veit suffered some damage before he filed his 2006 tax return in 2007.

Finally, Veit's motion for relief from judgment under Minn. R. Civ. P. 60.02 was accompanied by additional evidence, including documents evidencing the date that Veit filed his 2006 tax return. Respondents argue that "the court of appeals should not consider [this] evidence [because it was] not part of the record on which the district court granted summary judgment." Because we did not need to consider this evidence in making our decision, we decline to address this argument.

# D E C I S I O N

We conclude that Veit's professional-negligence action accrued, and the statute of limitations began to run, in September 2006, when the appraisal was completed. Therefore, the district court properly granted respondents' motion for summary judgment.

**Affirmed.**