NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

JTF AVIATION HOLDINGS INC, et al., *Plaintiffs/Appellants*,

*v.*

CLIFTONLARSONALLEN LLP, *Defendant/Appellee*.

No. 1 CA-CV 18-0530
FILED 7-2-2019

Appeal from the Superior Court in Maricopa County
No. CV2017-003641
The Honorable Daniel G. Martin, Judge

**AFFIRMED**

COUNSEL

Aiken, Schenk, Hawkins & Ricciardi, PC, Phoenix, AZ
By Joseph A. Schenk, Heather A. Macre
*Co-Counsel for Plaintiffs/Appellants*

Debus, Kazan & Westerhausen, LTD, Phoenix, AZ
By Larry Debus
*Co-Counsel for Plaintiffs/Appellants*

Moss & Barnett, PA, Minneapolis, MN
By Thomas J. Shroyer, Charles E. Jones, Taylor D. Sztainer, Joshua P. Oie
*Co-Counsel for Defendant/Appellee*

Renaud Cook Drury Mesaros PA, Phoenix, AZ
By John A. Klecan
*Co-Counsel for Defendant/Appellee*

---

**MEMORANDUM DECISION**

Judge Jennifer M. Perkins delivered the decision of the Court, in which Presiding Judge Diane M. Johnsen and Judge Michael J. Brown joined.

---

**P E R K I N S**, Judge:

¶1        JTF Aviation Holdings, Inc. ("JTF") and Jeremy T. Freer appeal the superior court's order barring their claims for professional negligence, negligent misrepresentation, and breach of fiduciary duty as untimely under a contractual limitation period. Because our resolution of only one issue from Freer's appeal merits publication, we have addressed that argument in a separate opinion issued simultaneously with this memorandum decision. *See* Ariz. R. Sup. Ct. 111(h). For the following reasons, and for those reasons addressed in our opinion, we affirm.

**FACTUAL AND PROCEDURAL BACKGROUND**

¶2        Freer is the founder, president, and sole shareholder of JTF. In August 2013, CliftonLarsonAllen ("CLA"), a national accounting firm, agreed to provide JTF with a billing, collection, and revenue-cycle analysis. The scope of work was memorialized in an engagement letter dated August 15, 2013. On December 30, 2013, JTF and CLA entered into a second engagement letter (the "December Engagement Letter"), which provided that CLA would audit JTF's consolidated financial statements and perform other non-audit services. In the letter, JTF's management agreed it would be "responsible for the preparation and fair presentation of the financial statements in accordance with [the United States generally accepted accounting principles ("GAAP")]."

¶3        The December Engagement Letter stated that "any Dispute will be governed by the laws of the State of Minnesota, without giving effect to choice of law principles" and included the following provision:

> The parties agree that, notwithstanding any statute or law of limitations that might otherwise apply to a Dispute, any action or legal proceeding by you against us must be commenced within twenty-four (24) months ('Limitation Period') after the date when we deliver our final audit report under this agreement to you, regardless of whether we do

other services for you relating to the audit report, or you shall be forever barred from commencing a lawsuit or obtaining any legal or equitable relief or recovery. The Limitation Period applies and begins to run even if you have not suffered any damage or loss, or have not become aware of the existence or possible existence of a Dispute.

The letter defined "Dispute" as "[a]ny disagreement, controversy, or claim . . . that may arise out of any aspect of [CLA's] services or relationship with [JTF]."

**¶4**        On February 3, 2014, CLA delivered its audit report for 2013 pursuant to the December Engagement Letter. The report was addressed to "Shareholder," i.e., Freer.

**¶5**        In June 2014, Vistria Group, LP ("Vistria"), through its subsidiary Aviation West Charters, LLC, as purchaser, entered an Asset Purchase Agreement with JTF, as seller, along with Freer, as JTF's shareholder, for the sale of substantially all of JTF's assets for $80,000,000, plus assumed liabilities. In the agreement, JTF warranted to Vistria that JTF's financial statements "were prepared in accordance with GAAP consistently applied and present fairly the financial position and results of operations."

**¶6**        In September 2014, Vistria filed a complaint in Delaware state court (the "Delaware Lawsuit") against Freer, JTF, and JTF's chief financial officer, Richard Larson, alleging fraudulent inducement, breach of contract, breach of warranty, breach of good faith and fair dealing, and civil conspiracy. Vistria alleged the defendants fraudulently induced it to purchase JTF at an inflated price because the company financial statements on which it relied did not conform to GAAP. It asserted Freer and Larson inflated JTF's 2013 earnings before interest, taxes, depreciation, and amortization ("EBITDA") to $40,800,000, when in reality, JTF's EBITDA amounted only to $11,000,000.

**¶7**        In September 2016, Vistria settled its claims against Freer and the other defendants in exchange for payment of $4,850,000.

**¶8**        On April 10, 2017, Freer and JTF sued CLA in Maricopa County Superior Court, alleging that professional negligence, negligent misrepresentation, and breach of fiduciary duty by CLA gave rise to the claims against them in the Delaware Lawsuit. In its answer, CLA asserted that applicable statutes of limitations and contractual limitations periods barred the claims.

**¶9**        On cross motions for summary judgment, the superior court held that Freer was bound by the 24-month contractual limitations period in the December Engagement Letter, and ruled the limitation provision barred both plaintiffs' claims. Freer and JTF timely appealed.

## DISCUSSION

**¶10**        We review *de novo* the superior court's grant of summary judgment and application of the law. *Andrews v. Blake*, 205 Ariz. 236, 240, ¶ 12 (2003). Summary judgment is proper when no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law. Ariz. R. Civ. P. 56(a); *Orme Sch. v. Reeves*, 166 Ariz. 301, 309–10 (1990). We construe the facts and reasonable inferences in the light most favorable to the opposing party. *Wells Fargo Bank v. Ariz. Laborers, Teamsters & Cement Masons Local No. 395 Pension Tr. Fund*, 201 Ariz. 474, 482, ¶ 13 (2002). We may affirm the entry of summary judgment if it is appropriate for any reason. *See Guo v. Maricopa County Med. Ctr.*, 196 Ariz. 11, 15, ¶ 16 (App. 1999).

## I.        Minnesota Law Applies to the Tort Claims.

**¶11**        In Arizona, "[a] general principle of contract law is that when parties bind themselves by a lawful contract, the terms of which are clear and unambiguous, a court must give effect to the contract as written." *Grosvenor Holdings, L.C. v. Figueroa*, 222 Ariz. 588, 593, ¶ 9 (App. 2009) (quoting *Grubb & Ellis Mgmt. Serv., Inc. v. 407417 B.C., L.L.C.*, 213 Ariz. 83, 86, ¶ 12 (App. 2006)). Likewise, in Minnesota, "when a contract is unambiguous, a court gives effect to the parties' intentions as expressed in the four corners of the instrument, and clear, plain, and unambiguous terms are conclusive of that intent." *Knudsen v. Transp. Leasing/Contract, Inc.*, 672 N.W.2d 221, 223 (Minn. App. 2003) (citing *Hyperbaric Oxygen Therapy Sys., Inc. v. St. Joseph Med. Ctr., Inc.*, 683 N.E.2d 243, 247 (Ind. App. 1997)).

**¶12**        Nevertheless, JTF and Freer argue that the Minnesota choice of law provision should not apply to their tort claims against CLA. JTF relies on *Winsor v. Glasswerks PHX, LLC*, 204 Ariz. 303 (App. 2003), and *Manetti-Farrow, Inc. v. Gucci America, Inc.*, 858 F.2d 509 (9th Cir. 1988), for the proposition that the choice of law provision only applies to contract claims.

**¶13**        In *Winsor*, the parties' contract stated "*[t]h[e] Agreement* is to be governed by and construed in accordance with the laws of the State of California *applicable to contracts made and to be performed* wholly within such State, without regard to the conflicts of laws principles thereof." *Winsor,* 204

Ariz. at 306, ¶ 8. Likewise, the contract in *Manetti-Farrow* designated Florence, Italy as the forum for resolving disputes regarding "interpretation" or "fulfillment" of the parties' contract. *Manetti-Farrow, Inc.*, 858 F.2d at 513–14.

¶14 The choice of law provisions at issue in *Winsor* and *Manetti-Farrow* both referenced the parties' contract, while the broader provision here specifically applies to "*any* Dispute," without limitation. Moreover, the *Manetti-Farrow* court noted that "forum selection clauses can be equally applicable to contractual and tort causes of action." *Manetti-Farrow,* 858 F.2d at 514. Here, the plain language of the December Engagement Letter is unambiguous and does not limit the applicability of the choice of law provision to contract claims, unlike in the *Winsor* and *Manetti-Farrow* cases. Thus, the superior court correctly determined that Minnesota law applies.

## II. The Contractual Limitations Provision Is Enforceable Under Minnesota Law.

¶15 JTF and Freer argue the 24-month limitation period mandated by the December Engagement Letter is ineffective under Arizona and Minnesota law. As stated above, Minnesota law applies to the tort claims. In addition, based on the reasoning in our separate opinion, Freer is bound by the choice of law provision in the December Engagement Letter and Minnesota law applies to his claims. Because we determine Minnesota law applies, we need not analyze the issue under Arizona law.

¶16 In Minnesota, the statute of limitations for claims for professional negligence, negligent misrepresentation, and breach of fiduciary duty is six years. Minn. Stat. § 541.05, subd. 1(1), (5). The limitation period begins to run when the cause of action accrues, unless a statute provides otherwise. Minn. Stat. § 541.01. A cause of action generally accrues when a party may bring suit without dismissal for failure to state a claim. *Levin v. C.O.M.B. Co.*, 441 N.W.2d 801, 803 (Minn. 1989). The statute is not tolled by ignorance of the cause of action unless fraudulent concealment is involved. *Herrmann v. McMenomy & Severson*, 590 N.W.2d 641, 643 (Minn. 1999). In that case, the limitations period is tolled until the concealment is or could have been discovered through reasonable diligence. *Wild v. Rarig*, 234 N.W.2d 775, 795 (Minn. 1975).

¶17 Minnesota generally permits contracting parties to "limit the time within which legal claims may be brought provided there is no statute specifically prohibiting the use of a different limitations period in such a case and the time fixed is not unreasonable." *Davies v. Waterstone Capital*

*Mgmt., L.P.*, 856 N.W.2d 711, 717–18 (Minn. App. 2014) (quoting *Peggy Rose Revocable Trust v. Eppich*, 640 N.W.2d 601, 606 (Minn. 2002)); *see also Henning Nelson Const. Co. v. Fireman's Fund Am. Life Ins. Co.*, 383 N.W.2d 645, 650–51 (Minn. 1986); *Prior Lake State Bank v. National Sur. Corp.*, 80 N.W.2d 612, 616 (Minn. 1957). "Whether the contractual limitations period is reasonable depends upon the particular facts presented; what is acceptable in one case may be objectionable in another." *Peggy Rose*, 640 N.W.2d at 606.

¶18        JTF and Freer rely on *Peggy Rose* to argue the December Engagement Letter's 24-month contractual limitations period is unreasonable. However, *Peggy Rose* is distinguishable because it addressed a fraud claim, for which Minnesota has enacted a statutory discovery rule not applicable to JTF and Freer's claims. A real estate agreement provided that the parties needed to request arbitration within 18 months after closing, or they would forfeit any claims. *Id.* at 602. Two years after the closing, the buyers sued for fraud after they discovered significant water damage to their home. *Id.* at 609. The Minnesota Supreme Court held the contract provision was not reasonable because it was inconsistent with a statute under which a fraud claim does not accrue until discovery of the facts. *Id.* at 607; *see* Minn. Stat. § 541.05(1)(6). The court concluded that under the facts presented, *i.e.* a home sale where pre-existing water problems led to structural damage, the extent of which could only be discovered by removing portions of the home's exterior, the 18-month contractual limitation was "not within the bounds of reasonableness when applied to the claim of fraud." *Id.* at 609. Moreover, the court explained that "there is a difference between merely shortening the time within which an existing claim may be brought and altering the date on which a cause of action accrues." *Id.* at 610.

¶19        By contrast, in *Davies*, the plaintiff sued his former employer for wrongful termination, a cause of action with no attendant discovery rule in Minnesota law. Minn. Stat. §§ 541.06(1)(1), 541.07. The employment agreement stated that "[a]ny request for arbitration must be filed with the American Arbitration Association within ninety (90) days of the events giving rise to the claim." *Davies*, 856 N.W.2d at 713–14. The plaintiff did not file a demand for arbitration until 273 days after he was terminated. *Id.* at 714.

¶20        The *Davies* court, distinguishing *Peggy Rose*, held that under the totality of the circumstances, the 90–day limitations period was not unreasonable. *Davies*, 856 N.W.2d at 718–19. The court noted that the plaintiff was a sophisticated party who negotiated the terms of his employment, and there was nothing in the record to suggest the 90-day

limit precluded a sufficient opportunity to investigate and file an action. *Id.* at 719. It did not matter that the statutory limitations periods governing the former employee's claims were significantly longer than 90 days (six years for breach of contract and two years for defamation). *Id.*

**¶21** As in *Davies*, the 24-month contractual limitation period in this case is reasonable. CLA and JTF's attorney negotiated the December Engagement Letter. Further, nothing in the record suggests the 24-month limit precluded a sufficient opportunity to investigate and file an action. *Davies*, 856 N.W.2d at 719. Indeed, JTF and Freer knew there might be a problem with CLA's performance less than a year after CLA delivered the final audit report when Vistria sued them alleging JTF's financial statements did not comply with GAAP.

**¶22** We are not persuaded by JTF and Freer's arguments that the 24-month contractual limitation could have required a suit to be filed before a loss could be ascertained. Even assuming the amount of damage from the alleged negligence and breach of duty could not be determined within the 24-month contractual limitation period, under Minnesota law, limitations statutes may bar a cause of action even when damage is not discovered until after the statute of limitations has run. *Antone v. Mirviss*, 720 N.W.2d 331 (Minn. 2006); *Herrmann*, 590 N.W.2d 641.

**¶23** In *Herrmann*, a law firm prepared an employee benefit pension plan and trust for the clients. *Herrmann*, 590 N.W.2d at 642. The law firm failed to advise the clients that tax laws prohibited them certain transactions with the plan, and the clients later engaged in those prohibited transactions. *Id.* The *Herrmann* court held the clients' legal malpractice claim accrued when they engaged in prohibited transactions, even though they did not discover the transactions were prohibited until six years later. *Id.*

**¶24** Likewise, in *Antone*, the Minnesota Supreme Court held that a malpractice claim against an attorney for negligently drafting a prenuptial agreement accrued on the client's wedding date, even though the client was unaware of the cause of action until his divorce proceedings many years later. *Antone,* 720 N.W.2d at 338. The court concluded that the plaintiff suffered some damage on the date of his marriage. *Id.*

**¶25** We conclude that under Minnesota law, the contractual limitation period in the December Engagement Letter was not unreasonable as applied to JTF and Freer's claims. Therefore, JTF and Freer were required to bring their lawsuit against CLA within 24 months of February 3, 2014, the date CLA delivered the final audit report. JTF and Freer did not file their

lawsuit until April 10, 2017. Accordingly, the superior court correctly determined that JTF and Freer's lawsuit is time-barred.

**¶26**        Finally, JTF and Freer argue, for the first time in their reply brief, that the 24-month contractual limitation is analogous to a statute of repose rather than a statute of limitations. However, we do not consider arguments made for the first time in a reply brief. *Dawson v. Withycombe*, 216 Ariz. 84, 111, ¶ 91 (App. 2007). In any event, the new argument would not change our conclusion, given that reasonable contractual limitation periods are enforceable under Minnesota law. *Herrmann*, 590 N.W.2d at 642; *Antone*, 720 N.W.2d at 338.

## CONCLUSION

**¶27**        For the foregoing reasons and for those stated in the opinion issued this date, we affirm the superior court's grant of summary judgment in favor of CLA on all claims.



AMY M. WOOD • Clerk of the Court
FILED:  AA