**In the Matter of Melvin C. MAY.**

**No. C4–91–1535.**

Court of Appeals of Minnesota.

Dec. 3, 1991.

Gregory R. Solum, Edina, for appellant.

Michael O. Freeman, Hennepin County Atty., Margaret A. Daly, Asst. County Atty., Minneapolis, for Melvin May.

Considered and decided by PETERSON, P.J., and FORSBERG and SHORT, JJ.

## OPINION

SHORT, Judge.

On appeal from a judgment of commitment as a chemically dependent person, Melvin C. May argues (1) the trial court lost jurisdiction due to a delay of more than forty-four days from filing of the petition until the hearing date, and (2) there is insufficient evidence to support his commitment as a chemically dependent person. We disagree and affirm.

## FACTS

On May 1, appellant's sister petitioned for judicial commitment of appellant as a chemically dependent person. On several occasions, sheriff's deputies attempted to serve appellant with a summons. The trial court promptly scheduled the required examination and settlement conference, but the conference date had to be postponed twice for lack of service. On May 22, appellant was served with a summons directing him to appear in court on May 28. Appellant failed to appear on that date and the court issued an order to apprehend and hold. On June 5, an order for a June 11 examination was issued. Appellant failed to appear for the examination. He was finally apprehended on June 14. A hearing on the petition for commitment was conducted on June 19, fifty days after the petition had been filed. Appellant moved to dismiss the petition because the hearing was beyond the forty-four day requirement set forth in Minn.Stat. § 253B.08, subd. 1. In denying that motion, the trial court stated:

> the respondent's conduct in failing to appear when he had been properly summoned for a hearing constitutes a waiver of the time limits for trial on the petition of the thirty (30) plus the fourteen (14) days, so his own conduct constituted the

waiver because it caused the delays rather than any delay on the part of the petitioner.

At the hearing, a public health nurse testified appellant was intoxicated on over half of her visits. She stated that on two occasions, appellant crawled to the door and spoke unintelligibly because of extreme alcohol abuse. The nurse also testified appellant sometimes failed to take his seizure medication due to intoxication and had suffered several injuries due to his drinking habits. She concluded appellant needed in-patient treatment. In addition, a senior chemical dependency counselor testified that appellant had a deep cut over his eye and a severe burn on his hand. The counselor recommended commitment to a long-term treatment program and a halfway house upon discharge.

Appellant's sister testified appellant drank heavily over 75 percent of the time and his excessive use of alcohol led to physical harm. She observed her brother with head bruises, two black eyes and a cut on his forehead. She also testified appellant's living conditions and health were deteriorating due to his drinking habits.

Appellant testified all of his injuries were a result of his seizures and did not always occur when he was drinking. He stated he did not believe he needed in-patient treatment, would prefer to stay home, and would find an AA group in his neighborhood. A psychologist agreed with appellant and testified he believed appellant's injuries were all accidental occurrences and not necessarily related to drinking. The psychologist concluded appellant was not a danger to himself and would benefit from an outpatient program.

The court-appointed medical examiner testified (a) appellant had a seizure disorder which most likely developed from habitual and excessive drinking, (b) use of alcohol by appellant while taking the seizure medication Dilantin made the medication ineffective in preventing grand mal seizures, and (c) if appellant continued to use alcohol, his life was in danger. The exam-

iner recommended commitment to an institution, with the potential of transfer to an active treatment unit. Following the hearing, the trial court ordered appellant committed to Moose Lake Regional Treatment Center as a chemically dependent person.

### ISSUES

I. Did the trial court err in denying appellant's motion to dismiss the commitment petition on the grounds it was filed more than forty-four days before the hearing?

II. Was the evidence sufficient to find appellant is chemically dependent and should receive involuntary treatment at the Moose Lake Regional Treatment Center?

### ANALYSIS

#### I.

■ Minn.Stat. § 253B.08, subd. 1 (1990) provides the time in which a hearing must be held:

> The hearing on the commitment petition shall be held within 14 days from the date of the filing of the petition. For good cause shown, the court may extend the time of hearing up to an additional 30 days. When any proposed patient has not had a hearing on a petition filed for the person's commitment within the allowed time, the proceedings shall be dismissed.

Appellant argues the petition for commitment must be dismissed because a hearing was not held within forty-four days from the date of filing of the petition. We disagree because the statute conveys a right to a proposed patient which can be waived like any other right. *See, e.g., State v. Pederson*, 251 Minn. 372, 377, 88 N.W.2d 13, 17 (1958) (defendant waived right to a speedy trial by escaping and failing to return to Minnesota to demand his rights). Appellant failed to attend two commitment hearings, which were scheduled within the forty-four day limitation. The statutory limitation is not intended to reward appellant for failing to appear at hearings. It

would be an unreasonable result to permit a proposed patient to avoid commitment simply by not appearing in court. *See* Minn.Stat. § 645.17(1) (1990).

Appellant suggests dismissal will not cause prejudice to anyone. We disagree. Committing a chemically dependent person to a treatment facility is not a punitive measure. Commitment is intended to rehabilitate and to protect a proposed patient from serious physical harm. *See In re Heurung*, 446 N.W.2d 694, 696 (Minn.App. 1989). This purpose is wholly frustrated if a chemically dependent person does not receive rehabilitative treatment. In addition, evidence becomes stale, and the petitioner may be disinclined to pursue another petition.

This case presents an opportunity for this court to review our special term opinion *In re Stubbe*, 443 N.W.2d 855 (Minn. App.1989). To the extent that opinion holds (a) a petition for prohibition is the proper method of questioning a trial court's exercise of discretion in granting a continuance in a commitment hearing and (b) the trial court did not abuse its discretion in refusing to grant a continuance under those facts, we agree. For the reasons stated above, however, we reject and hereby overrule the opinion to the extent that it mandates a hearing within forty-four days despite a waiver. *Id.* at 856.

#### II.

■ Involuntary commitment is justified for a proposed patient who, due to the habitual and excessive use of alcohol, is incapable of "self-management," and whose recent conduct "poses a substantial likelihood of physical harm to self or others." Minn.Stat. § 253B.02, subd. 2 (1990). The trial court's findings as to this determination will not be set aside unless clearly erroneous. *In re Melas*, 371 N.W.2d 653, 654 (Minn.App.1985); Minn.R.Civ.P. 52.01. When reviewing the record, however, we keep in mind the statutory requirement that supporting evidence must be clear and convincing. Minn.Stat. § 253B.09, subd. 1 (1990).

Appellant argues there is insufficient evidence to support the trial court's finding that he should be committed as a chemically dependent person to Moose Lake Regional Treatment Center. We disagree. The record demonstrates everyone but appellant believes appellant cannot adequately perform the ordinary activities of daily life due to his abuse of alcohol. *See In re Galusha,* 372 N.W.2d 843, 847 (Minn. App.1985) (patient could not manage his drinking, could not control his aggressive behavior, remained dependent on family members to administer needed medication, pay his bills and care for him, and his health was deteriorating). As for the requirement of physical harm, the court-appointed medical examiner testified appellant's grand mal seizure disorder was caused by chronic use of alcohol, and the effectiveness of the medication which prevents the seizures was greatly reduced by alcohol use. There was also evidence of recent injuries to appellant caused by falls, resulting in cuts and bruises on his face. Under these facts, appellant's behavior demonstrates an inability to manage himself due to chemical dependency. The evidence is clear and convincing and justifies the trial court's conclusion that appellant is a "chemically dependent person" as defined in Minn.Stat. § 253B.02, subd. 2.

Minn.Stat. § 253B.09, subd. 1 provides that the trial court, if it finds by clear and convincing evidence the proposed patient is a chemically dependent person, shall commit the patient to the least restrictive treatment program which can meet the patient's needs, provided there is no suitable alternative to commitment. The factors which led the trial court to conclude appellant is a "chemically dependent person" as defined in the statute justify the decision to commit him to Moose Lake Regional Treatment Center. The record reveals that all previous efforts at outpatient treatment have been unsuccessful. Any less restrictive alternative, such as ordering appellant to receive treatment at an outpatient facility, would not ensure that appellant would remain off alcohol and on the proper level of Dilantin. The trial court's findings are supported by testimony and documents in the record.

## DECISION

Appellant waived his right to have a hearing within forty-four days of the filing of the petition because he failed to appear at two scheduled court appearances. The trial court properly determined that (1) appellant was chemically dependent, and as a result, was incapable of self-management and posed a substantial danger to himself, and (2) temporarily committing him to a regional treatment center is the best and least restrictive way to ensure he receives the care he needs. For these reasons, the trial court's order for judgment committing appellant to Moose Lake Regional Treatment Center is affirmed.

Affirmed.