**In the Matter of Loren Lyle ZEMPLE.**

**No. C7–92–1099.**

Court of Appeals of Minnesota.

Sept. 29, 1992.

James W. Brandt, St. Peter, for appellant Zemple.

W.M. Gustafson, Nicollet County Atty., Todd W. Westphal, Asst. County Atty., St. Peter, for respondent.

Considered and decided by HUSPENI, P.J., and LANSING and KLAPHAKE, JJ.

## OPINION

HUSPENI, Judge.

Appellant challenges his commitment as mentally ill on the grounds that the trial court erred in taking judicial notice of a prior proceeding and that the court's finding of dangerousness is not supported by sufficient evidence. We affirm.

## FACTS

In March of 1992, appellant Loren Lyle Zemple's father filed a domestic abuse action under Minn.Stat. ch. 518B (1990) in district court. At the hearing on the petition, appellant's father testified that appellant slapped him in the face. Appellant was not represented by counsel at this action and did not cross-examine his father. The trial court found that appellant had, in fact, slapped his father in the face and on March 16, 1992, the trial court issued an order for protection.

On March 27, 1992, the trial court issued appellant a citation for violation of the order for protection, and ordered that appellant undergo a competency evaluation. This evaluation had not been completed at the time of this appeal.

On April 23, 1992, a petition for judicial commitment was filed against appellant. At the hearing on the petition, upon respondent's request and over appellant's objection, the court took judicial notice of the file and the testimony given in the domestic abuse action.

Upon completion of the evidentiary hearing, the trial court determined that appellant was mentally ill. In its memorandum accompanying the order for commitment, the trial court found that appellant exhibited "grossly disturbed behavior or faulty perceptions" both before the court and in a psychiatric evaluation. The trial court also found that "[t]here is clear and convincing

evidence that [appellant] poses a substantial likelihood of physical harm to others." In reaching this conclusion, the trial court referred specifically to testimony of appellant's father at the domestic abuse action.

## ISSUES

1. Did the trial court err in taking judicial notice of the domestic abuse action?

2. Is the trial court's finding that appellant poses a substantial likelihood of physical harm to self or others supported by sufficient evidence on the record?

## ANALYSIS

### I.

Appellant claims that the trial court erred in taking judicial notice of the domestic abuse file. "[R]ulings on the admissibility of evidence are left to the sound discretion of the trial court." *In re Conservatorship of Torres,* 357 N.W.2d 332, 341 (Minn.1984).

> [Minnesota Rule of Evidence] 201(b) allows the court to take judicial notice of adjudicative facts:
>
> "A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."

*In re Miner,* 424 N.W.2d 810, 813 (Minn. App.1988), *pet. for rev. denied* (Minn. July 28, 1988) (quoting Minn.R.Evid. 201(b)).

The Minnesota Supreme Court has explained:

> The function of judicial notice is to expedite litigation by eliminating the cost or delay of proving readily verifiable facts (citation omitted). Judicial notice of records from the court in which a judge sits would appear to greatly serve this function and satisfy the requirement of [Minnesota Rule of Evidence] 201(b)(2).

*In re Welfare of Clausen,* 289 N.W.2d 153, 157 (Minn.1980).

■ In its memorandum, the trial court stated that it took judicial notice of the entire domestic abuse action file. This file included the finding that appellant slapped his father in the face. While the trial court did not specifically refer to this finding in its memorandum, it impliedly incorporated the finding in its conclusion that appellant "poses a substantial likelihood of physical harm to others." Significantly, appellant's counsel conceded at oral argument that taking judicial notice of the adjudicated outcome of the domestic abuse proceeding was not erroneous. We agree and conclude that the trial court did not abuse its discretion when it took judicial notice of the finding that appellant slapped his father in the face.[1]

■ Appellant also claims that the trial court erred when it took judicial notice of testimony given at the domestic abuse proceeding. We agree.

In its memorandum, the trial court made several references to testimony given by appellant's father at the domestic abuse proceeding. This testimony was not properly the subject of judicial notice. While the testimony given at the hearing was properly transcribed and readily verifiable, the facts as testified to by appellant's father are not beyond dispute. Therefore, they do not satisfy the requirements of Minn.R.Evid. 201(b).

■ The testimony given by appellant's father was inadmissible hearsay. The record reveals that appellant's father was not unavailable to testify at the commitment hearing. Therefore, his statements were not admissible in the commitment proceeding under the "former testimony" exception to the hearsay rule. *See* Minn.R.Evid. 804(b)(1). Nor does the testimony satisfy any of the other hearsay exceptions contained in the rules of evidence. Thus, the trial court erred in admitting the prior testimony at the commitment hearing; an er-

ror which could have been avoided by calling appellant's father as a witness in the commitment hearing.

## II.

■ Appellant claims that the evidence on the record is insufficient as a matter of law to support the trial court's finding that appellant posed a substantial likelihood of physical harm to others. We do not agree.

Minn.Stat. § 253B.02, subd. 13 (1990) defines a "mentally ill person" as

any person who has an organic disorder of the brain or a substantial psychiatric disorder of thought, mood, perception, orientation, or memory which grossly impairs judgment, behavior, capacity to recognize reality, or to reason or understand, which

(a) is manifested by instances of grossly disturbed behavior or faulty perceptions; and

(b) poses a substantial likelihood of physical harm to self or others as demonstrated by:

\*　　\*　　\*　　\*　　\*　　\*

(ii) a recent attempt or threat to physically harm self or others.

A trial court's findings as to whether a proposed patient meets this definition "will not be set aside unless clearly erroneous." *In re May*, 477 N.W.2d 913, 915 (Minn.App. 1991). "When reviewing the record, however, we keep in mind the statutory requirement that supporting evidence must be clear and convincing." *Id.* (citing Minn. Stat. § 253B.09, subd. 1 (1990)).

Here, the trial court took judicial notice of the adjudicative fact that appellant slapped his father. This court has held:

Where violent behavior is documented and confirmed, the trial court need not require direct testimony by a victim of the proposed patient's behavior.

---

1. We note that appellant has not challenged the accuracy of the domestic abuse court's finding that he slapped his father in the face. Nor has appellant challenged the taking of judicial notice on the grounds that appellant's father had a lesser burden of proof in the domestic abuse proceeding. *Compare Kass v. Kass*, 355 N.W.2d

335, 337 (Minn.App.1984) (holding petitioner under Minn.Stat. § 518B.01, subd. 2(a)(i) must make a "showing" of domestic abuse) *with* Minn.Stat. § 253B.09, subd. 1 (1990) (mental illness must be established with clear and convincing evidence).

*In re Perkins*, 404 N.W.2d 307, 309 (Minn. App.1987). As discussed above, the better practice would have been for respondent to have called appellant's father to testify at the commitment hearing. However, where appellant has not challenged the accuracy of the domestic abuse findings, we cannot say that the trial court's finding under section 253B.02, subd. 13(b) was clearly erroneous. *See May*, 477 N.W.2d at 915.

## DECISION

The trial court did not clearly err in committing appellant as mentally ill.

Affirmed.