Michael Edward ROHRICHT, Appellant,

v.

Peggy E. O'HARE, Respondent,

Jack S. Jaycox Law Offices, Ltd., et al., Thomsen & Nybeck, P.A., et al., Respondents.

No. C1–98–1340.

Court of Appeals of Minnesota.

Dec. 8, 1998.

Robert A. Nicklaus, Nicklaus Law Firm, Chaska, MN (for appellant).

David T. Lichtor, John A. Warchol, Warchol Berndt & Hajek, P.A., Minneapolis, MN (for respondents O'Hare and Jaycox Law Offices, Ltd., et al.).

Paul C. Peterson, William L. Davidson, Attorneys at Law, Minneapolis, MN (for respondents Thomsen & Nybeck, P.A., et al.).

Considered and decided by SCHUMACHER, P.J., and PETERSON and HARTEN, JJ.

## OPINION

HARTEN, Judge.

Appellant brought a legal malpractice action against respondents, the attorneys and law firms who represented him in the trial and appeal of his dissolution action, alleging that their negligence and breach of contract were responsible for an adverse trial court decision on child custody and our subsequent appellate decision to affirm the custody award. Respondents moved to dismiss under Minn. R. Civ. P. 12.02(e), alleging appellant's failure to state a claim upon which relief can be granted. The district court granted the motion, and appellant challenges the dismissal.

## FACTS

Appellant Michael Rohricht retained respondents, attorney Peggy O'Hare and her law firm, the Jack S. Jaycox Law Offices, Ltd., and attorney Becky Rooney and her law firm, Thomsen & Nybeck, P.A., to represent him in his dissolution action. The trial court awarded permanent physical custody of appellant's four children, then aged 13, 11, 9, and 6, to appellant's former wife. Appellant, again represented by O'Hare and the Jaycox

firm, unsuccessfully challenged the award on appeal to this court. *See Rohricht v. Rohricht,* Nos. C7–92–1331, CX–92–1422, 1993 WL 27761 (Minn.App. Feb.3, 1993).[1]

Appellant then sued respondents for malpractice, alleging that their negligence and breach of contract were responsible for the underlying child custody determination and for our affirmance thereof. The district court dismissed appellant's action, and this appeal followed.

## ISSUE

Did appellant's complaint fail to state a claim for legal malpractice?

## ANALYSIS

In reviewing cases dismissed for failure to state a claim on which relief can be granted, the only question before the reviewing court is whether the complaint sets forth a legally sufficient claim for relief. *Elzie v. Commissioner of Pub. Safety,* 298 N.W.2d 29, 32 (Minn.1980). A complaint should be dismissed if there are no facts alleged that could support the claim. *Id.*

To prevail in a legal malpractice action, a plaintiff must demonstrate (1) the existence of an attorney-client relationship; (2) acts constituting negligence or breach of contract; (3) that such acts proximately caused plaintiff's damages; and (4) that, but for the alleged legal malpractice, plaintiff would have been successful in the underlying action. *Blue Water Corp. v. O'Toole,* 336 N.W.2d 279, 281 (Minn.1983). Failure to prove any one element defeats a malpractice claim. *Id.* at 282; *see also Rouse v. Dunkley & Bennett, P.A.,* 520 N.W.2d 406, 408 (Minn. 1994).

---

1. The custody of appellant's children has been the subject of extensive litigation. Represented by different counsel, appellant moved for modification in 1993; the motion was denied and this court affirmed. *See Rohricht v. Rohricht,* 1993 WL 536125 (Minn.App.1993) (affirming the denial of appellant's motion for change in custody), *review denied* (Minn. Feb. 24, 1994). Appellant again sought custody; the district court approved a stipulation that he have custody of the youngest child, but denied his motion for an evidentiary hearing on custody of the others.

This court affirmed. *See Rohricht v. Rohricht,* 1996 WL 278191 (Minn.App.1996). Appellant sought modification of the custody of the two children remaining with his former wife; custody of one child was transferred to him, and this court reversed and remanded the denial of his motion for custody of the other because the district court did not hold an evidentiary hearing. *See Rohricht v. Rohricht,* 1997 WL 193803 (Minn.App.1997). *See also Rohricht v. Rohricht,* 1993 WL 184130 (Minn.App.1993) (affirming the denial of the paternal grandparents' petition for custody).

Appellant's complaint charged respondents with negligence and breach of contract in failing to (1) obtain required records and documentation of his wife's mental illness; (2) hire an expert witness to review his wife's medical and mental health records; and (3) address on appeal the medical and custodial issues raised during the trial. The district court found that there was an attorney-client relationship between appellant and respondents and that appellant alleged facts that "could constitute" negligence or breach of contract on respondents' part, thereby satisfying the first two elements of a malpractice claim. Having taken judicial notice of the decisions rendered by the trial court, however, and by this court in the dissolution action appeal, the district court concluded that appellant's complaint satisfied neither the third nor the fourth elements of a legal malpractice claim.

■ As a threshold matter, appellant objects to the district court taking judicial notice of the opinions in the underlying action, arguing first that a motion to dismiss a legal malpractice claim, unlike a motion for summary judgment, must be decided without reference to the opinions in the underlying action. Appellant relies on *In re Zemple*, 489 N.W.2d 818 (Minn.App.1992), for this argument, but his reliance is misplaced. *Zemple* holds that a court may take judicial notice of adjudicated findings in a prior proceeding, but not of testimony from that proceeding. *Id.* at 820. Here, the district court in the malpractice action took judicial notice of the trial court's "extensive factual record" supporting its decision that the best interests of appellant's children would not be served by awarding him custody and of this court's affirmation of those findings. Appellant cites no authority indicating that a court may not consider adjudicated facts in the underlying action in considering a motion to dismiss a legal malpractice claim.

Appellant argues in the alternative that he was entitled to notice of the district court's intention to rely on the decisions in the underlying action, citing *In re Welfare of*

*D.J.N.*, 568 N.W.2d 170, 175 (Minn.App.1997) (it was error for the district court to use prior files without notice of expected use).[2] Again, appellant's reliance is misplaced. *D.J.N.* is distinguishable: it concerns a court's reliance not on previous decisions, but rather on the records that formed the basis for those decisions. *Id.* The district court here consulted "the Dissolution Decree and appellate decisions on the underlying case," not the court's records. Therefore, the *D.J.N.* holding that a party has a right to notice of those portions of the record on which a court intends to rely is irrelevant. We conclude that the district court did not err in taking judicial notice of the decisions in the underlying action.

■ Nor do we see error in the district court conclusion that appellant did not meet the third and fourth elements of legal malpractice. Under appellant's theory, he was "damaged" twice—when the trial court awarded child custody to his former wife and when this court affirmed that award. Appellant's complaint offers nothing to show that respondents' failure to obtain required records and documentation of his wife's mental illness and to hire an expert witness to review his wife's medical and mental health records was the proximate cause of the trial court's decision to deny him custody.

The trial court's opinion reflects knowledge of appellant's wife's mental illness. The trial court considered testimony from the court-appointed custody evaluator, a Ph.D. psychologist, who said the mental health of appellant's wife was stable, that her illness was in remission, that her prior mental health problems were "not presently an impediment to her ability to parent the children," and that she had the capacity to render the love, guidance, and affection needed by the children. The trial court also considered testimony from the guardian ad litem who agreed with the custody evaluator and from a staff psychologist who reviewed 3800 pages of medical and therapy records relating to appellant's family. In addition, appellant's wife's therapist testified that appellant's wife

**2.** We find this argument somewhat disingenuous. The district court relied only on the two opinions which, according to appellant, would have been in his favor but for the malpractice of respondents. Appellant could have foreseen the likelihood of the court's reliance on those opinions.

had made substantial progress in improving her self-image and self-concept, that she has good parenting skills, and that she is an excellent mother. Visitation supervisors reported that the children enjoyed their time with their mother, that she was affectionate with them, and that she provided adequate and appropriate discipline. The trial court also considered extensive testimony that appellant's parenting skills were inadequate, that his mental condition was worse than his wife's, and that his focus was on denigrating his former wife to the children. Appellant does not point to any evidence his attorneys failed to provide that would have induced the trial court to award him custody.

In the underlying appeal, respondents were precluded from submitting to this court anything not submitted to the trial court. *See* Minn. R. Civ.App. P. 110.01 (the record on appeal consists of the papers filed in the trial court, the exhibits, and the transcript, if any); *Thiele v. Stich,* 425 N.W.2d 580, 582 (Minn.1988) (a reviewing court may consider only those issues presented to and considered by the trial court). Moreover, this court could reverse the custody award only if convinced that the trial court had abused its discretion, and custody determinations are not overturned for abuse of discretion unless they are erroneous and illogical compared to the facts in the record. *See Rutten v. Rutten,* 347 N.W.2d 47, 50 (Minn.1984).

In examining the trial court's decision, we noted that it "considered each factor [of Minn.Stat. § 518.17 (1990) ] and made extensive findings on each * * * [and] explained its reasons for either accepting or rejecting evidence or testimony presented." *Rohricht,* 1993 27761, WL at *2. We also examined the record on which the trial court decision was based and held that "[a]lthough we might

have reached a different decision, we cannot conclude that the trial court abused its broad discretion." *Id.* Appellant does not show that the attorneys' alleged failure to address on appeal the medical and custodial issues raised during the trial proximately caused this court's decision to affirm.

Similarly, appellant fails to allege facts showing that he would have been awarded custody at either the trial court or the appellate level but for the alleged negligence and breach of contract of respondents. The trial court opinion reflects careful and extensive consideration of the point appellant claims respondents presented inadequately, i.e. the mental condition of appellant's former wife. Our opinion reflects a review of the evidence on which the trial court's custody award was based and concludes that it did not abuse its discretion in awarding custody. Accordingly, we conclude that appellant's complaint failed to allege facts supporting his claim that respondents' alleged negligence and breach of contract proximately caused the trial court's adverse custody award and this court's failure to reverse it on appeal.

## DECISION

Because appellant failed to allege facts to support two of the four elements of his malpractice claim, that claim was properly dismissed.

**Affirmed.**