In the Matter of the CIVIL COMMIT-MENT OF Terrance John GIEM.

No. A06–1588.

Court of Appeals of Minnesota.

Feb. 13, 2007.

Mary Margaret Huot, Huot and Spangler, PLLP, St. Paul, MN, for appellant Terrance John Giem.

Susan Gaertner, Ramsey County Attorney, Margaret Gustafson Samec, Special Assistant County Attorney, St. Paul, MN, for respondent Ramsey County.

Considered and decided by TOUSSAINT, Chief Judge; LANSING, Judge; and DIETZEN, Judge.

## OPINION

LANSING, Judge.

Terrance Giem appeals from the district court's order denying his motion to dismiss for lack of subject-matter jurisdiction, the county's petition to commit him as a sexually dangerous person and a sexual psychopathic personality. Because we conclude that Minn.Stat. § 253B.08 (Supp. 2005) does not define or limit subject-matter jurisdiction but does confer statutory rights subject to waiver, and because the district court did not err in its findings or conclusion that Giem's conduct waived his statutory rights, we affirm.

## FACTS

Ramsey County petitioned for civil commitment of Terrance Giem as a sexually dangerous person and a sexual psychopathic personality. The initial hearing was held on October 26, 2005, shortly before Giem's supervised-release date from prison. At the hearing, Giem's attorney stated that Giem "does not agree with the petition," but "would like to have insight into where he's at right now and, as a result of that, he is willing to go to the security hospital, and we're just going to set it on for an exam at this time." Giem's attorney expressly stated that Giem was waiving the preliminary hearing. When asked by the district court whether he understood what his attorney had said and agreed with this choice, Giem responded, "Yes."

Giem's attorney and the county attorney outlined the arrangements for Giem to meet with medical examiners, and the district court then asked Giem's attorney whether she wanted to set a trial date. The attorney replied, "[W]e'd like to wait with that until after the exam, actually."

Giem and his attorney both signed a waiver of the right to a preliminary hearing, and the district court ordered Giem held at the Minnesota Security Hospital pending a decision on the merits of the commitment petition.

In early November 2005, a second district court judge signed an order appointing a medical examiner selected by Giem's attorney and an order appointing a medical examiner selected by the court. The county attorney arranged for an independent medical examiner. The first medical examiner conducted an examination on November 18, 2005, and filed his report on April 27, 2006. The second examiner conducted his examination on December 30, 2005, and filed his report on April 4, 2006. The county attorney's independent medical examiner conducted his examination on December 2, 2005, and completed it on December 6, 2005.

On February 23, 2006, before the two court-appointed examiners had completed their reports, the district court held a scheduling hearing. At the beginning of the hearing, Giem's attorney served the county with a motion to dismiss the petition because 125 days had passed since the petition was filed or, in the alternative, to schedule an immediate trial under Minn. Stat. § 253B.08, subd. 1 (Supp.2005). The county attorney indicated surprise, reported that she had been working with Giem's attorney to set a trial date, and said that the court-appointed examiners had not completed their reports. After a brief off-the-record conference, the district court stated:

> In our discussions off the record it has really been quite clear that since the petition was filed [Giem] was in full agreement with the course of this case in that he was agreeable to not setting a trial date until some time after the completion of the examinations[.] … The

record should finally reflect that it is only today that [Giem] demands a hearing pursuant to rule 253B.08, subdivision 1.

The district court noted that Giem's initial request to defer the scheduling of the commitment trial until after completion of the examinations made the current demand for immediate trial impracticable for the attorneys, the examiners, and the court. It was undisputed that neither the court-selected examiner nor the examiner selected by Giem had completed his report. The district court denied both motions on the record, explaining to Giem's attorney that Giem's initial request to defer scheduling resulted in a waiver of the statutory time limitations. The district court stated that under ordinary circumstances Giem would have been entitled to a trial within ninety days after the filing of the petition and that a timely trial was still important. The district court then attempted to schedule a trial date, taking into account the attorneys' schedules, the completion of the reports, and a notice of removal that had been filed on the assigned judge. On March 6, 2006, the district court filed a written order "by agreement of the Court and counsel" continuing the trial to May 8.

On March 22, 2006, Giem filed an appeal from the February order. In an April 11, 2006 special-term order of this court, the panel dismissed the appeal as taken from a nonappealable order of a denial of a motion for dismissal that was neither certified as important and doubtful nor based on a lack of subject-matter jurisdiction. *In re Civil Commitment of Giem*, No. A06–570 (Minn.App. Apr. 11, 2006).

Following the dismissal of the appeal, Giem filed a motion in the district court to dismiss the petition for lack of subject-matter jurisdiction. The motion hearing was consolidated with the May 1 pretrial

hearing. At that hearing, conducted by a third district court judge, Giem's attorney requested that the motion and the commitment trial scheduled for May 8 be continued to enable Giem to present a proposal for a less-restrictive alternative to long-term commitment but did not withdraw her motion for dismissal based on lack of subject-matter jurisdiction. The district court specifically admonished Giem and his attorney that Giem had a May 8 trial date with an absolute right to go to trial on that day and that his request for a continuance would place the trial in the June 26, 2006 trial block. Giem and his attorney confirmed that they were requesting that the trial be taken off the May 8 calendar. With the agreement of Giem, his attorney, and the county attorney, the district court set the trial for June 26, 2006.

On the morning of June 26, Giem's attorney reported that she was unable to formulate a less-restrictive alternative because Ramsey County had not appointed a case manager for Giem. The county attorney contended that a case manager could not be appointed unless Giem admitted the petition. Giem's attorney requested a further continuance and an order requiring Ramsey County to appoint a case manager. The district court questioned whether Giem's request for affirmative relief was inconsistent with his pending motion to dismiss for lack of subject-matter jurisdiction. Giem's attorney responded that if the court would not grant her motion to order Ramsey County to appoint a case manager, then she wanted the district court to dismiss for lack of subject-matter jurisdiction. The county attorney then stated that if the district court dismissed for lack of subject-matter jurisdiction, the county was prepared to file a new commitment petition. The district court, in an attempt to impose a rational structure on the meandering proceedings, denied Giem's contingent request for a further

continuance, without prejudice, and advised the attorneys that the district court would issue an order within four days on Giem's subject-matter-jurisdiction motion.

The following day the district court issued an order denying Giem's motion to dismiss for lack of subject-matter jurisdiction. In the order, filed on June 28, the district court reasoned that, under Minnesota law, the district court had subject-matter jurisdiction over sexually dangerous-person and sexual-psychopathic-personality commitments, that the time restrictions in the statute did not define or limit subject-matter jurisdiction, that the restrictions were subject to waiver, and that Giem "waived and continues to waive his right to an immediate [trial] by asking the court for relief inconsistent with his demand." The district court further ordered that "[t]o the extent [Giem] can be said to be demanding an immediate [trial] pursuant to Minn.Stat. [§ ] 253B.08, subd. 1, that demand is granted."

The district court conducted a trial on the commitment petition on July 5, 6, and 7, 2006. On August 18 the district court issued findings of fact, conclusions of law, and an order committing Giem to the Minnesota Security Hospital as a sexually dangerous person. The findings of fact and conclusions of law also addressed and denied Giem's constitutional claims of due process violations. Giem has not appealed the district court's commitment order or the determination that he failed to demonstrate a deprivation of his rights to due process.

Instead, Giem appeals the district court's June 28, 2006 order, contending that he is entitled to immediate release from the Minnesota Security Hospital because the district court lacked subject-matter jurisdiction over his commitment petition. Giem bases his argument on the

time limitations governing civil-commitment procedures in Minn.Stat. § 253B.08, subd. 1.

## ISSUES

I. Did the district court have subject-matter jurisdiction to hear and decide the petition to commit Giem as a sexually dangerous person?

II. Did the district court err in its findings or determination that Giem waived his right to a hearing within the time limitations of Minn.Stat. § 253B.08, subd. 1 (Supp.2005)?

## ANALYSIS

It is readily apparent that the legislature did not intend to create a commitment procedure in which more than eight months would elapse before a person could obtain a trial on a commitment petition. It is also apparent that confusion over subject-matter jurisdiction injects unnecessary complexity into district court proceedings and appellate review. But it is not apparent that Giem, on the strength of his conflicting requests in the district court, is entitled to a dismissal of his commitment petition for lack of subject-matter jurisdiction.

Giem rests his claim for the district court's lack of subject-matter jurisdiction on the time limits for civil-commitment proceedings in Minn.Stat. § 253B.08, subd. 1 (Supp.2005). Although Giem has not in this appeal raised a constitutional due process issue, we recognize that the time constraints provided in subdivision 1 relate to the "core of the liberty protected by the Due Process Clause." *Kansas v. Hendricks,* 521 U.S. 346, 356, 117 S.Ct. 2072, 2079, 138 L.Ed.2d 501 (1997); *see also Kansas v. Crane,* 534 U.S. 407, 409–10, 122 S.Ct. 867, 869, 151 L.Ed.2d 856 (2002) (confinement imposed by involuntary civil commitment must provide proper proce-

dures). The procedures in subdivision 1 provide an expedited schedule for commitment hearings. First, the hearing on a sexually dangerous-person or a sexual-psychopathic-personality commitment petition

shall be held within 90 days from the date of the filing of the petition. For good cause shown, the court may extend the time of hearing up to an additional 30 days. The proceeding shall be dismissed if the proposed patient has not had a hearing on a commitment petition within the allowed time.

Minn.Stat. § 253B.08, subd. 1. Second, "at any time,"

[t]he proposed patient, or the head of the treatment facility in which the person is held, may demand in writing ... that the hearing be held immediately. Unless the hearing is held within five days of the date of the demand, exclusive of Saturdays, Sundays and legal holidays, the petition shall be automatically discharged if the patient is being held in a treatment facility pursuant to court order. For good cause shown, the court may extend the time of hearing on the demand for an additional ten days.

Id. To analyze Giem's claim, we must first address whether the time limitations that govern the civil-commitment proceedings define or limit the district court's subject-matter jurisdiction. And, if the time limits do not determine subject-matter jurisdiction, we must then analyze whether the district court properly determined that Giem's conduct resulted in waiver of their strict provisions.

I

"Jurisdiction," the United States Supreme Court has recently emphasized, "is a word of many, too many, meanings." *Arbaugh v. Y & H Corp.,* 546 U.S. 500, 126 S.Ct. 1235, 1242, 163 L.Ed.2d 1097 (2006)

(quotation omitted). Courts have used the word "jurisdiction" to describe a variety of legal issues, ranging from constitutional limits on the power of federal courts to statutory time limits on appeals. *Carlisle v. United States*, 517 U.S. 416, 434–35, 116 S.Ct. 1460, 1470, 134 L.Ed.2d 613 (1996) (Ginsburg, J., concurring). Recognizing that the less-than-meticulous use of "jurisdiction" has generated significant confusion, the Court has clarified that time prescriptions, however emphatic, "are not properly typed 'jurisdictional.'" *Scarborough v. Principi*, 541 U.S. 401, 414, 124 S.Ct. 1856, 1865, 158 L.Ed.2d 674 (2004); *accord Eberhart v. United States*, 546 U.S. 12, 126 S.Ct. 403, 406–07, 163 L.Ed.2d 14 (2005) (per curiam). The Court has particularly noted that classifying "time prescriptions, even rigid ones, under the heading 'subject-matter jurisdiction' can be confounding." *Kontrick v. Ryan*, 540 U.S. 443, 455, 124 S.Ct. 906, 915, 157 L.Ed.2d 867 (2004) (quotation omitted). Consequently, the Court has urged courts and litigants to use "the label 'jurisdictional' not for claim-processing rules, but only for prescriptions delineating the classes of cases (subject-matter jurisdiction) and the persons (personal jurisdiction) falling within a court's adjudicatory authority." Id.

■ Minnesota appellate courts have similarly observed that the use of the word "jurisdictional" to refer to a statute of limitations does not carry the same meaning as it does when used to refer to a constitutional grant of judicial power or a legislative classification of a court's power to adjudicate a class of cases. *See Bode v. Minn. Dep't. of Natural Res.*, 594 N.W.2d 257, 259–60 (Minn.App.1999) (cautioning against misuse of term subject-matter jurisdiction), *aff'd*, 612 N.W.2d 862 (Minn. 2000). In *Rubey v. Vannett*, the supreme court held that the sixty-day time limit in Minn. R. Civ. P. 59.03 "is a procedural tool and does not divest the district court of jurisdiction." 714 N.W.2d 417, 422 (Minn. 2006). In so holding, the supreme court recognized that "case law in this area has, at best, been confusing." Id. Because, in *Rubey*, the sixty days was a time prescription, not a termination of jurisdiction, the court analyzed whether the time prescription had been waived. Id.; *see also Breza v. City of Minnetrista*, 725 N.W.2d 106, 113–14 (Minn.2006) (characterizing Minn. Stat. § 15.99 (2000) as timing statute that does not preempt substantive law); *Tischer v. Hous. & Redev. Auth. of Cambridge*, 693 N.W.2d 426, 430 (Minn.2005) (rejecting argument that opinion's reference to procedural law incorporated subject-matter jurisdiction because subject-matter jurisdiction is "fundamentally different" from procedural rules). We, therefore, conclude that the time restrictions in subdivision 1 are rigid time prescriptions for constitutionally significant purposes, but these restrictions do not define or limit subject-matter jurisdiction.

■ Reflecting the gravity of the liberty interest at stake, the time prescriptions in subdivision 1 are rigidly fixed and provide for dismissal or discharge if hearings do not occur within the allowable time periods. Minn.Stat. § 253B.08, subd. 1. But even the most basic constitutional rights are subject to waiver. *New York v. Hill*, 528 U.S. 110, 114, 120 S.Ct. 659, 663, 145 L.Ed.2d 560 (2000). We have twice held that the right to a hearing within the statutory time limit may be waived. We first held that a proposed patient who failed to attend two scheduled commitment hearings waived his right to a hearing within the statutory time period. *In re May*, 477 N.W.2d 913, 915 (Minn.App. 1991) (construing predecessor provision requiring hearing on petition within forty-four days). Relying on the holding of *May*, we affirmed the district court's find-

ing of waiver in a case in which the proposed patient failed to object to the state's request for a continuance that extended the hearing beyond the statutory time restrictions. *In re Buckhalton,* 503 N.W.2d 148, 151 (Minn.App.1993) (waiver of forty-four-day period provided under predecessor statute), *aff'd,* 518 N.W.2d 531 (Minn. 1994). Relying on *May* and *Buckhalton,* we conclude that the statutorily prescribed time periods are subject to waiver.

## II

Three district court judges determined that Giem had waived his right to a hearing under the statutory time prescriptions at three different points. In his appeal from the district court's June 28 order, Giem does not directly challenge the first or the last waiver, but contends that the denial of his demand for a trial or dismissal at the February 23 pretrial hearing entitles him to immediate release. Although Giem has not specifically appealed the February 23 order, we recognize that this is an "order affecting the order from which the appeal is taken," and we consider it in our review of the June 28 order. Minn. R. Civ.App. P. 103.04.

We review the district court's factual findings for clear error. *Rubey,* 714 N.W.2d at 423. The court's denial of Giem's motion to discharge him is reviewed for an abuse of discretion. *See id.* at 424 (reviewing district court's dismissal of new trial motion as untimely). Giem argues that his February 23 demand entitled him to an immediate trial despite "any previous waiver the court may construct." He contends that his conduct was irrelevant and that, under the statute, his demand alone required the district court to provide an immediate trial or dismiss the petition and discharge him. We do not agree that Giem's conduct was irrelevant.

Waiver is "[t]he voluntary relinquishment or abandonment—express or implied—of a legal right or advantage." *Black's Law Dictionary* 1611 (8th ed.2004). A defendant in a criminal case may waive a constitutional right by intentionally relinquishing or abandoning a known right or privilege. *Barber v. Page,* 390 U.S. 719, 725, 88 S.Ct. 1318, 1322, 20 L.Ed.2d 255 (1968). An implied waiver may arise when a person's course of conduct evidences an intention to waive a right or when his conduct is inconsistent with any other intention than to waive it. *See Hedged Inv. Partners, L.P. v. Norwest Bank Minn., N.A.,* 578 N.W.2d 765, 771–72 (Minn.App. 1998) (stating that course-of-conduct waiver is based on theory of estoppel and requires detrimental reliance).

The third district court judge found that Giem's conduct was inconsistent with an immediate hearing on the petition. The record reflects that at the May 1 hearing, Giem requested a continuance to prepare and present a less-restrictive alternative to commitment. At the June 26 hearing, Giem requested another continuance in order to have a case manager appointed and to have more time to develop a less-restrictive alternative. The record is unequivocal that, on June 26, Giem expressly waived his right to a scheduled trial. And, when Giem attempted to make this waiver contingent on the district court's ruling, the judge commendably took charge of the proceedings, issued a written order resolving the subject-matter jurisdiction issue, and ordered the commitment trial to proceed within five days despite the county attorney's request for a continuance.

Giem's waiver before the second district court judge is less explicit. That judge found that Giem's conduct before his February 23 demand for an immediate trial was inconsistent with the relief he had requested. The record reflects that, at the

outset, Giem expressly agreed not to set a trial date until after the examinations. The record at the time of the February demand reflects that all three examiners had met with Giem, but only the county attorney's independent examiner had completed his report. Giem's attorney provided no information on the anticipated filing date for the report of the examiner that Giem had requested or for the examiner selected by the court. Giem's attorney also did not dispute the county attorney's statement that she had been attempting to schedule the trial and, that prior to the February 23 hearing, Giem's attorney had not requested that the trial be scheduled before the reports were completed. The district court found that Giem waived an expedited schedule and acquiesced in the progress of the proceedings from the time of the October hearing until the February 23 demand. Based on Giem's conduct and acquiescence throughout that time period, the court concluded that the examinations and preparation for trial could not be concluded within a five-day period and that Giem had waived his right to have a trial within ninety days after the petition filing.

Although the February 23 waiver is less explicit than the others and holding an immediate trial might have been more consistent with the intent of subdivision 1, Giem and his attorney cannot now distance themselves from the course of conduct that resulted in the delay. The actions taken in reliance on a proposed patient's waiver of the ninety-day time limit may reasonably create a direct conflict with a patient's subsequent demand for an immediate trial. The proposed patient may benefit from the option to waive the expedited process, but may not peremptorily attempt to change the course of the proceeding to the detriment of the court and parties who have proceeded in reliance on the waiver.

The record supports the district court judges' findings, which, in turn, support the conclusion that Giem waived his right to an expedited trial schedule and his right to demand, prior to June 26, an immediate trial. The district court did not abuse its discretion.

## DECISION

Minn.Stat. § 253B.08, subd. 1 (Supp. 2005), providing hearing procedures for civil commitments, does not define or limit the district court's subject-matter jurisdiction. Because the rights conferred on the patient by the statute may be waived and the record establishes a waiver of an immediate trial, the district court correctly denied Giem's motion to dismiss the petition and initial motions demanding an immediate trial.

**Affirmed.**