*This opinion is nonprecedential except as provided by*
*Minn. R. Civ. App. P. 136.01, subd. 1(c).*

**STATE OF MINNESOTA**
**IN COURT OF APPEALS**
**A24-0723**

Maria Olson, et al.,
Appellants,

vs.

City of Cambridge, et al.,
Respondents,

Jay T. Squires,
Respondent,

Lisa Iverson, et al.,
Defendants.

**Filed September 30, 2024**
**Affirmed**
**Smith, Tracy M., Judge**

Isanti County District Court
File No. 30-CV-23-498

Gary Bodelson, Minneapolis, Minnesota (for appellants)

Elisa M. Hatlevig, Tessa M. McEllistrem, Jardine, Logan & O'Brien, PLLP, Lake Elmo, Minnesota (for respondents City of Cambridge and Marcia Westover)

Kay Nord Hunt, Michelle K. Kuhl, Barry A. O'Neil, Nathan Z. Heffernan, Lommen Abdo, P.A., Minneapolis, Minnesota (for respondent Jay T. Squires)

       Considered and decided by Larkin, Presiding Judge; Smith, Tracy M., Judge; and

Harris, Judge.

**SMITH, TRACY M.**, Judge

Appellants challenge the district court's dismissal of their tort claims as time-barred. Appellants argue that the district court erred by (1) allowing respondents' motions to be heard because doing so could have resulted in delaying the trial date and (2) concluding that fraudulent concealment did not toll the statutes of limitations governing appellants' claims. Respondents defend the district court's rulings and argue, in the alternative, that the claims were properly dismissed on other grounds that were presented to but not ruled on by the district court. We affirm the district court's dismissal of appellants' tort claims on the ground that they are time-barred. As a result, we do not address the alternative grounds for affirmance.

## FACTS

This claims in the present action (the present action) are based on allegations regarding a declaratory-judgment action filed in 2013 (the 2013 action) by respondent City of Cambridge against appellants Maria Olson, Shannon Olson, and Shannon Exteriors and Home Improvement, Inc., a corporation owned by the Olsons. Respondent Jay T. Squires represented the city in the 2013 action. The events giving rise to the 2013 action occurred between 2008 and 2013. The following recitation of those events is based on the facts alleged in the amended complaint in the present action and its attached exhibits.

The Olsons previously owned three adjoining parcels of property located in Cambridge, Minnesota. In 2008, they began the application process with the city to develop two of the parcels and sought approval of a final plat for those parcels. The city planning

commission recommended that the city council approve the final plat, subject to three conditions, one of which provided that a "cash contribution of $25,600 shall be made in lieu of park dedication." The city council approved the Olsons' plat in June 2008. Thereafter, respondent Marcia Westover, a city planner, contacted the Olsons multiple times over several years, informing them that they needed to record their approved plat and pay the $25,600 fee in lieu of park dedication. The Olsons did not record their plat or pay the fee.

Subsequently, the Olsons sold their three parcels of property to James Scott Kent and MNSilvercare. In 2013, the city sued appellants and the buyers, seeking "a declaratory judgment enforcing the conditions of the Final Plat approval, including the recording of the plat as one lot." The 2013 action was eventually dismissed without prejudice by stipulation of the parties.

In May 2023, Westover testified in a legal-malpractice case initiated by the Olsons. In the amended complaint in the present action, appellants allege that Westover's testimony revealed that the city had no legal basis to require them to record their plat or to pay the park-dedication fee and that the city had an improper motive in filing its lawsuit— specifically, to intimidate them. They allege that these facts had been fraudulently concealed from them.

Appellants initiated the present action in August 2023 and filed an amended complaint in December 2023. The amended complaint asserts claims of abuse of process and intentional interference with contractual relations based on the 2013 action. In anticipation of a statute-of-limitations problem, the amended complaint alleges that

3

fraudulent concealment tolled the statutes of limitations for appellants' claims. On respondents' motion, the district court granted a protective order staying discovery until after the court ruled on a prospective motion to dismiss. The district court also scheduled a trial for July 2024.

Respondents moved to dismiss the amended complaint for failure to state a claim under Minnesota Rule of Civil Procedure 12.02(e) and for judgment on the pleadings under Minnesota Rule of Civil Procedure 12.03. The district court scheduled a motion hearing for January 26, 2024, after which respondents requested that the hearing be rescheduled for March 1, 2024, due to a scheduling conflict. Appellants opposed rescheduling, asserting that it would delay the trial. The district court granted respondents' request and rescheduled the hearing.

Following the hearing, the district court granted respondents' motions, dismissing appellants' claims as time-barred. In rejecting appellants' assertion of fraudulent concealment, the district court considered two documents that were not attached to appellants' complaint. First, it considered appellants' answer in the 2013 action. In that answer, appellants had raised as affirmative defenses that the city was "attempting to impose requirements and conditions which [were] in conflict with or preempted by state law" and that the "conditions [of the final-plat approval were] unreasonable, arbitrary, and capricious, because they [were] neither legally sufficient nor factually based." Second, the district court considered the full transcript of Westover's testimony referenced by appellants in their complaint. In dismissing appellants' claims, the district court explained:

4

> The crux of [appellants'] current causes of action mirror arguments proffered in their Answer to the 2013 Action: whether the City had legal authority to require they record the Final Plat. Westover's singular comment from May 5, 2023, did not unearth any facts or arguments that were wholly outside [appellants'] ken in 2013. [Appellants] were largely aware of their present causes of action or, at a minimum, the possibility of such claims, in 2013. [Appellants] had the opportunity and information, within time, to pursue their claims with reasonable diligence and avail themselves in court but declined to do so. There was no fraudulent concealment to toll the statute of limitations. [Appellants'] causes of action are barred by the statute of limitations and the case must be dismissed.

(Footnote omitted.)

This appeal follows.

## DECISION

In the district court, one of the respondents moved for judgment on the pleadings pursuant to Minnesota Rule of Civil Procedure 12.03 and the other two respondents moved for dismissal of appellants' claims pursuant to Minnesota Rule of Civil Procedure 12.02(e). All respondents asserted that the amended complaint failed to state a claim because appellants' claims were barred by the statutes of limitations. Appellate courts "review de novo whether a complaint sets forth a legally sufficient claim for relief" and, in doing so, they "accept the facts alleged in the complaint as true and construe all reasonable inferences in favor of the nonmoving party." *Walsh v. U.S. Bank, N.A.*, 851 N.W.2d 598, 606 (Minn. 2014) (reviewing a district court's grant of a rule 12.02(e) motion); *see also Burt v. Rackner, Inc.*, 902 N.W.2d 448, 451 (Minn. 2017) ("We review a district court's decision on a Rule 12.03 motion de novo to determine whether the complaint sets forth a legally sufficient claim for relief." (quotation omitted)).

5

Appellants challenge the district court's dismissal of their claims as time-barred, arguing that the district court erred by (1) allowing respondents' rule 12 motions to be heard because doing so could have resulted in delaying the trial date and (2) concluding that fraudulent concealment did not toll the statutes of limitations. We address each argument in turn.

## I. The district court did not abuse its discretion by considering the rule 12 motions.

Appellants argue that the district court erred by granting respondents' request to reschedule the hearing on respondents' motions because the rescheduling "would have made it impossible to avoid delaying the trial if the Olsons had prevailed." Appellants rely on rule 12.03, which provides that, "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings."

"[T]he district court has considerable discretion in scheduling matters and in furthering what it has identified as the interest of judicial administration and economy." *State v. Hart*, 723 N.W.2d 254, 260 (Minn. 2006) (quotation omitted). "And whether or not to enforce its own scheduling order is clearly within the district court's discretion." *Maudsley v. Pederson*, 676 N.W.2d 8, 12 (Minn. App. 2004).

We discern no abuse of discretion in the district court's decision to hear the motions on the rescheduled date. The district court considered that the trial could be delayed but observed that the case could still be concluded "well within [the district court's] timing requirements." The district court concluded that any delay was "fair and appropriate," "not

6

unduly prejudicial," and not "extensive." Appellants provide no convincing argument that the district court's determination was an abuse of discretion.

**II.    Appellants' claims are barred by the statutes of limitations.**

Appellants challenge the district court's dismissal of their claims as time-barred. A two-year statute of limitations applies to an abuse-of-process claim. *See* Minn. Stat. § 541.07(1) (2022) (requiring actions based on torts resulting in personal injury to be commenced within two years). A two- or six-year statute of limitations applies to a claim for intentional interference with contractual relations. *Wild v. Rarig*, 234 N.W.2d 775, 793 (Minn. 1975) (citing Minn. Stat. §§ 541.05, .07 (2022)).[1] "A cause of action accrues and the statute of limitations begins to run when the cause of action will survive a motion to dismiss for failure to state a claim upon which relief can be granted." *Herrmann v. McMenomy & Severson*, 590 N.W.2d 641, 643 (Minn. 1999).

Appellants' claims are based on the declaratory-judgment action brought against them by the city in 2013, but they did not commence the present action until ten years later. Appellants contend that their claims are nevertheless not time-barred because respondents' fraudulent concealment of their potential claims tolled the statutes of limitations. *See Williamson v. Prasciunas*, 661 N.W.2d 645, 650 (Minn. App. 2003) (explaining that a statute of limitations is tolled if the defendant fraudulently concealed a cause of action). Appellants contend that their amended complaint alleges facts sufficient to establish fraudulent concealment.

---

[1] Although the *Wild* decision discussed a previous version of the statutes, we cite the most recent version because they have not been amended in relevant part.

Before we turn to appellants' substantive argument that the amended complaint sufficiently alleges fraudulent concealment, we first address appellants' argument that, in ruling on respondents' rule 12 motions, the district court improperly considered documents not included with the amended complaint.

## A.      Consideration of Documents Not Attached to the Amended Complaint

In evaluating a rule 12 motion, a court "must consider only the facts alleged in the complaint." *Persigehl v. Ridgebrook Invs. Ltd. P'ship*, 858 N.W.2d 824, 835 (Minn. App. 2015) (quotation omitted). Review is limited to "the particular documents and oral statements referenced in the complaint." *N. States Power Co. v. Minn. Metro. Council*, 684 N.W.2d 485, 491 (Minn. 2004) (quoting *Martens v. Minn. Mining & Mfg. Co.*, 616 N.W.2d 732, 739 n.7 (Minn. 2000)). Appellants argue that the district court erred by relying on their answer in the 2013 action and the full transcript of Westover's testimony because these documents are not referenced in the amended complaint. We address each document in turn.

### 1.      Appellants' Answer in the 2013 Action

Although appellants referenced the 2013 action in their amended complaint and attached the city's complaint in that action, they did not attach their answer to the city's complaint. The district court nevertheless took into account appellants' answer, explaining:

> This case is predicated on representations between [appellants] and [respondents] that initially culminated in the 2013 Action. The 2013 Action amounts to an underlying proceeding, repeatedly referenced in [appellants'] Amended Complaint and [respondents'] respective Answers, such that pleadings contained therein, including [appellants'] Answer, may be considered by this Court.

8

Courts are permitted "to consider documents that are embraced by the complaint, including pleadings and orders in an underlying proceeding." *Greer v. Pro. Fiduciary, Inc.*, 792 N.W.2d 120, 126-27 (Minn. App. 2011) (citing *Rohricht v. O'Hare*, 586 N.W.2d 587, 589 (Minn. App. 1998)). Appellants assert that *Greer* and *Rohricht* "were limited to only allowing consideration in Rule 12 motions of prior court orders or other court adjudications in an underlying action." Although they acknowledge that, in *Greer*, this court specifically referenced "pleadings," appellants characterize this reference as dicta and contend that only pleadings "actually referenced in the complaint" are embraced by it. Because *Greer* suggests that pleadings in an underlying proceeding are documents that are embraced by the complaint, it appears that the district court properly considered appellants' answer in the underlying action.

Appellants also argue that the district court erred by imputing to them knowledge of the contents of their answer in the underlying action because such knowledge fell outside the scope of the attorney-client relationship. "It is well-settled that the rule that notice to an agent is notice to his principal is applicable to attorney and client." *Buskey v. Am. Legion Post #270*, 910 N.W.2d 9, 17 (Minn. 2018) (quotation omitted). "[I]n order to determine whether the knowledge of the agent should be imputed to the principal, it becomes of primary importance to ascertain the exact scope and extent of the agency." *Trentor v. Pothen*, 49 N.W. 129, 130 (Minn. 1891). "Each party is deemed bound by the acts of his lawyer-agent and is considered to have notice of all facts . . . which can be charged upon

the attorney." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 634 (1962) (quotation omitted); *see Buskey*, 910 N.W.2d at 18 (citing *Link*).

Appellants argue that, because their counsel's representation in the 2013 action was limited to defense and did not include bringing the affirmative claims they assert here, they cannot be charged with imputed knowledge of the contents of their answer in the 2013 action. The argument is unconvincing. Appellants' counsel in the 2013 action was acting within the scope of the attorney's representation in answering the complaint. Thus, appellants had imputed knowledge of the contents of their answer in the 2013 action.

### 2. Transcript of Westover's Testimony

Appellants also complain that the district court considered the full transcript of Westover's testimony because it was not attached to the amended complaint. The district court explained that it decided to "consider the entirety of Westover's testimony given its centrality to [appellants'] arguments and incorporation by [appellants] and [respondents] by reference in their pleadings." A court's review of a motion for judgment on the pleadings may focus on "any documents or statements incorporated by reference into the pleadings." *Greer*, 792 N.W.2d at 131.

Appellants point out that the transcript of Westover's testimony is not explicitly referenced in the amended complaint, which references only select statements from Westover's testimony. But the amended complaint refers generally to Westover's testimony. By referencing the testimony in their amended complaint, the testimony is embraced by the complaint. Because the testimony is central to the claims alleged, the district court was permitted to consider the testimony in its entirety. *Cf. In re Hennepin*

*Cnty. 1986 Recycling Bond Litig.*, 540 N.W.2d 494, 497 (Minn. 1995) ("In deciding a motion to dismiss, . . . the court may consider the entire written contract when the complaint refers to the contract and the contract is central to the claims alleged.").

Appellants also contend that, in reviewing Westover's testimony, the district court impermissibly made factual determinations with respect to its credibility, admissibility, and relevance. We disagree. The district court did not make a factual determination about the allegation in the amended complaint that Westover testified that "no one could be compelled to record a plat"; it simply considered the context of Westover's testimony, which was not inconsistent with that statement. We discern no error in the district court's consideration of the transcript.

In sum, we are not convinced that the district court erred by considering documents not attached to the amended complaint. But, even without the challenged documents, as described below, we conclude that the district court properly determined that appellants' claims are barred by the statutes of limitations because the amended complaint fails to sufficiently allege fraudulent concealment.

### B. Failure to Sufficiently Allege Fraudulent Concealment

To prove fraudulent concealment, "a party must show (1) the defendant made a statement that concealed plaintiff's potential cause of action, (2) the statement was intentionally false, and (3) the concealment could not have been discovered by reasonable diligence." *Sletto v. Wesley Constr., Inc.*, 733 N.W.2d 838, 846 (Minn. App. 2007). The district court concluded that appellants' most salient shortcoming was the third prong of

11

fraudulent concealment—the absence of reasonable diligence. We therefore turn to the third prong.

If a potential cause of action was fraudulently concealed, the statute of limitations period is tolled until the concealment is or could have been discovered through reasonable diligence. *Wild*, 234 N.W.2d at 795. "The party claiming fraudulent concealment . . . has the burden of proving that concealment could not have been discovered sooner by reasonable diligence and was not the result of his own negligence." *Cohen v. Appert*, 463 N.W.2d 787, 791 (Minn. App. 1990), *rev. denied* (Minn. Jan. 24, 1991).

Appellants argue that respondents' fraudulent concealment of the fact that the city knew that it had no legal basis to file the 2013 action on which they base their tort claims tolled the statutes of limitations for their claims. Appellants contend that they were completely unaware of the alleged fraudulent concealment until hearing Westover's testimony in 2023. They argue that the district court erred by determining that they did not allege sufficient facts to demonstrate that they exercised reasonable diligence in attempting to discover the alleged fraudulent concealment because the question of whether they were reasonably diligent is a question of fact for the jury.

Appellants are correct in that "[r]easonable diligence is generally a question of fact." *Appletree Square I Ltd. P'ship v. Investmark, Inc.*, 494 N.W.2d 889, 894 (Minn. App. 1993), *rev. denied* (Minn. Mar. 16, 1993). But a party asserting fraudulent concealment still must allege facts sufficient to demonstrate that they acted with reasonable diligence. *See* Minn. R. Civ. P. 12.02(e) (permitting dismissal for "failure to state a claim upon which relief can be granted"); *cf. Frerichs Constr. Co. v. Minn. Cntys. Ins. Tr.*, 666 N.W.2d 398,

402 (Minn. App. 2003) (holding, in a contract case, that, while "[r]easonableness is generally considered a question of fact for the jury," it "becomes an issue of law when the record is devoid of any facts that would support a conclusion that an action or belief is reasonable"), *rev. dismissed* (Minn. Oct. 2, 2003).

We are unpersuaded that appellants alleged facts sufficient to support a determination that they were reasonably diligent in discovering the alleged concealment of the city's alleged knowledge that it lacked a legal basis for its 2013 declaratory-judgment action. In their amended complaint, appellants allege that the city's 2013 complaint did not "state a legally valid cause of action," made "[n]o reference to any legal authority," and lacked "statutory authority." When an individual is sued by a party seeking relief, they immediately have the opportunity to learn through litigation what the suing party considers to be the legal basis for the claim and whether that legal basis is valid. Fundamental principles of reasonable diligence require the individual to actively investigate the validity of the claim. This may involve hiring legal counsel, conducting discovery, and using tools such as interrogatories to assess the merits of the lawsuit. Even taking as true the allegations in appellants' amended complaint, the allegations are insufficient to show that the alleged concealment could not have been discovered sooner by reasonable diligence so as to invoke the doctrine of fraudulent concealment to toll the statutes of limitations. Thus, the district court did not err by dismissing appellants' tort claims as time-barred.

**Affirmed.**